## T. B. Weir et al. vs. L. D. Kitchens.

1. Tax Sale: *Return of delinquent list. Revenue laws of 1872.*
By the provisions of the act of April, 1872, the tax collector was required to return to the board of supervisors a list of delinquent lands on the first Monday in December. *Held*, that where the list was not returned until the third Monday in December, and a judgment of forfeiture then rendered by the board of supervisors, a sale of the land thereunder is void.

2. SAME: SAME:    *Code of 1871, § 1700.*
The provision of the Code of 1871, § 1700, that tax collectors' deeds under sales
of lands for taxes shall not "be invalidated in any court of this state, except.
by the proof that the taxes for which said land was sold had been paid before
sale," does not apply to sales made under and by virtue of the act of April,.
1872.

ERROR to the Circuit Court of *Tippah* County.

Hon. W. D. BRADFORD, Judge.

The opinion of the court contains all the facts necessary to·
a full understanding of the principles announced.

The errors assigned are:

1. The court erred in giving the second charge asked by
defendants as to the duty of the board of supervisors.

2. The court erred in giving the 6th, 7th, and 10th charges.
asked by defendants on the question of fraud.

3. In overruling plaintiff's motion for a new trial.

*Green & Pickens,* for plaintiff in error.

*Johnston & Johnston,* for defendants in error.

[The reporters find no briefs on file on either side.]

CHALMERS, J., delivered the opinion of the court.

This was an action of ejectment in the circuit court of Tip-
pah county.    Plaintiff below, who is also plaintiff in error,.
relied upon a tax deed made 24th of March, 1873, under pro-
visions of Revenue Law of April, 1872, acts of 1872, p. 1.
Defendants showed various errors and irregularities which had
crept into the proceedings, preceding and leading to the sale,.
the most serious of which was the failure of the tax collector
to return the list of delinquent lands to the board of super-
visors on the proper day.    By the 1st section of the law this
list is required to be returned on the first Monday of December.
A failure so to do, upon the part of the collector, is made a
felony, punishable by forfeiture of office and imprisonment in
the state penitentiary.    By the 2d section of the act the board
of supervisors are required to extend the time on good cause
shown for five days, but no longer.    These provisions show
the rigidity of the requirement as to the return of this list at.

Opinion of the court.

the proper time. Its object is to let tax payers know the ·exact day when proceedings of forfeiture against their lands, of which this return of the list is the initiation, will be commenced. In the case at bar the list was not returned until the ·third Tuesday, being the 17th day of December, which was not only after the time prescribed by law, but after the period which the board could allow for its return.

This would manifestly render a sale under a judgment of forfeiture invalid, unless it is cured by some other provision of this or some other then existing statute.

The 3d section of the act under consideration provides for the issuance of a citation to the owner of each parcel of land .adjudged by the board to be delinquent, and such citation was ·duly served upon the owner of the land involved in this ·controversy.

If, in response to this citation, the owner could have shown the improper return of the delinquent list, his failure so to do ·would, perhaps, be a bar to his doing so in this proceeding. But it is expressly provided in the 3d section of the act that in answer to the summons he is only allowed to " pay the taxes assessed, with ten per cent. damages thereon, or show that said taxes have been paid, and, in default thereof, judgment for the sale " of the land will be entered by the board.

It is thus seen that defendant had no opportunity, during the proceedings for forfeiture, to avail himself of the very grave defect in the institution of said proceedings. There was no other opportunity allowed him to do so, nor is there any provision in the act of 1872 which would seem to debar him from raising this question in any suit thereafter brought by a purchaser of the land .at the tax sale. By § 1700 of Code of 1871 it is provided, however,that no tax deed " shall be invalidated in any court of this state except by the proof that the taxes for which said land was sold had been paid before sale." If this clause is to be considered as in force in 1872–3, or as being applicable to sales made under the act of 1872, then neither the failure of the tax collector to return

the list at the proper time, nor any of the other defenses set up by defendant, will avail him, since it is not pretended that he paid the taxes before the day of sale. The act of 1872 only provides for the repeal of all acts and parts of acts in conflict with its own provisions. There is, perhaps, no special clause of said act which is directly in conflict with § 1700 of the Code, and yet we think that its general spirit and effect is repugnant to the system established by art. 9 of ch. 22 of the Code of which § 1700 forms a part.

Both acts provide a mode for the sale of lands delinquent for taxes. The two systems are radically different. Indeed, the act of 1872 introduced into our revenue laws two features hitherto unknown among us, of the most important character: One was the provision that the owner of each parcel of land should be personally cited before the board of supervisors, and a regular suit there instituted, and conducted to final hearing, with entry of decree of sale.

The other was the denial of any period of redemption and the making of the title absolute from the date of purchase. The deed which is to have this effect is provided for by § 8 of act of 1872, and the form of the deed is so far provided for as to declare that it shall be "in brief and explicit form," without any allusion to the forms provided by former acts.

There is no provision that this deed, or the title evidenced by it, shall only be invalidated by showing a payment of taxes before sale.

As before remarked, the machinery provided by the Code for the sale of land for taxes is wholly dissimilar from this, and the legal effect of the sale, when made, is no less dissimilar. This difference is perhaps nowhere more strikingly displayed than in § 1700 of the Code. This section gives *in totidem verbis* the form of the deed which shall be delivered by the tax collector to the purchaser. This deed, it declares, shall only convey a title subject to redemption by the owner within a time elsewhere prescribed, and then follows the provision that the validity of the sale, evidenced by this deed, shall not be

impeached except by showing a payment of the taxes before sale.

None of these provisions are found in the act of 1872. We find it difficult to believe that while the form of deed prescribed by § 1700 was not contained in the act of 1872, nor the provisions as to redemptions, that the remaining portions alone of the same paragraph were intended to be carried into said act. We think that this latter act, devising as it does an entire new system, was intended to rest solely upon its own provisions, and that a failure to observe so important a feature as the return of the delinquent list at the proper time avoids the sale of the land in question.

It follows that the principal charges granted in the court below for defendants, and the verdict of the jury thereunder, were correct.

There were several charges given at defendants' instance about the effect of fraud and collusion in the sale, which had no connection with any proof made in the case, and, however correct as abstract propositions, should not have been given.

It has been repeatedly held, however, that a proper verdict would not be set aside because of incorrect charges which could not have contributed to the result.

Judgment affirmed.