## J. R. CLYMER v. L. W. CAMERON ET AL.

1. TAX TITLE.  *Evidence.  List of land sold to state.*
   In an action to recover possession of land bought from the state, where the book in the chancery clerk's office, containing the lists of lands sold to the state for taxes, is offered in evidence to show the sale of the land in controversy to the state, the objection that the original book is produced, instead of a copy, is bad.

2. SAME.  *Prima-facie evidence.*
   In an action by a purchaser from the state to recover a tract of land, the deed thereto from the auditor of public accounts, and a list of lands showing a sale thereof to the state for taxes, are *prima-facie* evidence of the right of the plaintiff to recover.

3. SAME.  *Deed.  List of lands.*
   The auditor's deed to a purchaser of land from the state vests the state's title; and the list of lands sold to the state for taxes, embracing the land in question is *prima-facie* evidence that the sale to the state was valid in all respects.

4. SAME.  *Auditor's deed.*
   The auditor's deed to the purchaser of tax land from the state is not *prima-facie* evidence of title in the purchaser.

5. SAME.  *Evidence.  When incompetent.*
   In an action where the plaintiff, being a purchaser from the state, produces the auditor's deed and the list of lands sold to the state for taxes, embracing the land in controversy, and thereby raises the presumption of title in himself, all evidence offered by the defendant which does not tend to overthrow such presumption and defeat the plaintiff's title should be excluded.

6. INSTRUCTIONS.  *When errors therein not considered.*
   Where a plaintiff establishes a *prima-facie* right to succeed in his action, which the defendant wholly fails to overthrow, no instructions given on the trial could injure the latter, nor could the giving of any benefit him; and no error predicated of instructions in such case will be considered by this court.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

This was an action of unlawful detainer, commenced on January 4, 1877, before three justices of the peace, by the defendants in error, to recover possession of a certain tract of land to which they held a deed from the state, executed by the auditor of public accounts on December 26, 1876. The justices gave judgment for the defendant, and the plaintiffs

took an appeal to the Circuit Court. In the Circuit Court a motion was made to dismiss the case, on the ground that the time for bringing such by the plaintiffs had expired before they commenced suit. The motion was overruled. On the trial, some objections were made to evidence and instructions, but they are set forth in the opinion of the court. Judgment was rendered for the plaintiffs below.

*E. J. Bowers*, for the plaintiff in error.

1. The Circuit Court should have sustained the motion to dismiss the case. Sess. Acts 1876, sec. 44, p. 151, of "An act in relation to public revenue, and for other purposes."

2. If the sale to the state was invalid from any cause, then the deed from the state conferred no title, and should not have been admitted in evidence.

3. It was error to admit in evidence the book in the chancery clerk's office, containing the lists of lands sold to the state for non-payment of taxes. Such books being " office books," the originals are not competent as evidence. Cong. Acts 1804, Code 1857, p. 727 ; *Sherwood* v. *Houston*, 41 Miss. 44.

4. The court erred in excluding evidence of the fact that the reputed owner of the land had " personal property more than sufficient to have paid the taxes for which the land was sold." Acts 1873, 1874, in relation to Revenue.

5. It was error to exclude from the evidence the deeds and other evidence showing title in the plaintiff in error derived from the former reputed owner of the land. The right of possession being in controversy, the deeds were competent to show such right. *Rabe* v. *Filer*, 10 Smed. & M. 446.

6. The court refused to instruct the jury that " a tax-title is only *prima-facie* evidence of title." The refusal to give this instruction, and also several others, was error.

*J. W. Jenkins*, for the defendants in error.

1. This action was properly brought, and the court correctly refused to dismiss it. Acts 1876, pp. 154, 155, sec. 49.

2. When the plaintiffs below produced in evidence the deed

from the state, and the list of lands sold to the state, they established a *prima-facie* case and put the defendant to his defense.  *Virden* v. *Bowers, ante,* p. 1.

3. The book containing the list of lands sold to the state was properly admitted in evidence. *Parkman* v. *Kline* (MS.).

4. It was not error to exclude testimony going to show that the former owner of the land had sufficient personal property to pay the taxes for which the land was sold.  *Virden* v. *Bowers, ante,* p. 1.

5. The court properly excluded the deeds offered by the defendant below, showing title in himself derived from the former owner of the land.  Such title could not affect the sale for taxes.  *Weir* et al. v. *Kitchens,* 52 Miss. 74; *Virden* v. *Bowers, ante,* p. 1.

6. The court very properly refused all instructions asked by the defendant, as will appear by a consideration of the authorities above cited.

CAMPBELL, J., delivered the opinion of the court.

The defendants in error claimed the land sued for by purchase from the state, under section 49 of "An act in relation to public revenue, and for other purposes," approved April 15, 1876 (Laws 1876, p. 129), which gave the remedy of unlawful detainer to any purchaser from the state to recover said land, and which was not to be barred before January 1, 1878; and it was not error to refuse to dismiss the case.

The deed of the auditor conveying the land to defendants in error was properly admitted as evidence.

The book from the chancery clerk's office, containing the list of lands sold to the state for taxes, was properly admitted as evidence.  The objection to it that the original, instead of a copy of it, was offered is without any merit.  It is only as a substitute for the original that a copy is ever admitted.  The original is always the best evidence, and it is only because of the impossibility or inconvenience of producing the original that a copy is admitted in its stead in any case.  It is on this

principle that sworn copies and certified copies are admissible. It is because the original is admissible as evidence that a copy may be received, and it is always allowable to introduce an original record where it can be produced. We announced this view in *Parkman* v. *Kline* (MS), but considered it so elementary and manifest that we ordered the opinion not to be reported. 1 Greenl. on Ev., sec. 484; *ib.*, 501.

There was no error in the exclusion of evidence offered by plaintiff in error. The plaintiffs below, by reading the list of land sold to the state in Madison County, by the tax-collector, on the second Monday of May, 1875, and the deed of the auditor to them, showed a right to recover the land, unless the defendant should show that they had not acquired the title which the list of land sold to the state imported *prima facie*. The auditor's deed vested in them the state's title. The auditor's deed is not *prima-facie* evidence of title, because it is not made so by statute; but the list of land sold to the state is *prima-facie* evidence that the sale to the state was valid. Code, sec. 1700, and sec. 10 of the act approved March 1, 1875 (Laws 1875, p. 15). This presumption embraces the time, place, and circumstances of the sale, and includes the liability of the land to be then and there sold as delinquent for non-payment of taxes, according to law. It is but a presumption, and liable to be rebutted; but until it is overthrown by evidence it must stand and effect its legitimate result. There is no evidence in the record impeaching the validity of the sale of May 10, 1875, to the state, of the land in controversy. It is said by counsel that the land was not liable to sale on May 10, 1875, because it was not delinquent for taxes for any year prior to 1874. If so, the sale on May 10, 1875, was void, and vested no title in the state, as we held in *Gamble* et al. v. *Witty* et al., *ante*, 26; but there is nothing in the record to suggest that the land was not held by the state, and was not delinquent for taxes prior to 1874. That should have been made to appear, and it would have defeated the claim of title asserted by virtue of the list of lands sold to the state on May

10, 1875.   In the absence of any evidence to rebut the presumption of title in the state, as above, it was proper to exclude all of the evidence offered by defendant below, as it did not go to defeat this title.   None of it was relevant.   *Bell* v. *Coats*, 54 Miss. ; *Virden* v. *Bowers*, *ante*, p. 1.

For the reasons already stated, the action of the Circuit Court upon the instructions was correct.   The plaintiff in the action having shown a *prima-facie* right to recover, which the defendant had wholly failed to overturn, no instruction could harm or benefit him.

Upon the facts in the record the plaintiffs below were clearly entitled to recover, and the motion of plaintiff in error for a new trial was properly overruled.

Judgment affirmed.