Bettie A. Vaughan and Husband *v.* W. H. Swayzie et al.

1. Tax-title. *How proved. State deed not sufficient.*
  A plaintiff seeking to recover land upon a tax-title derived from the State, in order to make out his title, in addition to producing his deed from the State, must show by the list of lands sold to the State, or by a deed from the tax-collector, according to the statute applicable to the sale for taxes, how the State acquired her title; and where he fails to do this, his deed from the State may be excluded from the evidence, upon the motion of the defendant.

2. SAME. *Evidence thereof. Variance between State deed and list of lands.*
   In an action for the recovery of land bought from the State, where the pur-
   chaser's deed describes the land as "Commencement Plantation, consisting of
   1,330 acres," and the list of lands sold to the State, which is offered in evi-
   dence to prove title in the State, shows a sale to the State of "Commence-
   ment Plantation, consisting of 500 acres," and it is admitted that the planta-
   tion does embrace thirteen hundred and thirty acres, and that the five hundred
   sold to the State cannot be identified, the variance is fatal to the plaintiff's
   title thus derived.

3. TAXES. *Levy and collection. Legislative power. Curative act.*
   As the Legislature has the undoubted power to prescribe such formulas as to
   it may seem proper with regard to the levy and collection of taxes, it also has
   the constitutional power, by retroactive legislation, to dispense with the neces-
   sity of the prescribed formulas, to cure irregularities in the observance thereof,
   or to obviate the evils of their non-observance.

4. SAME. *Judicial proceedings. Legislative power. Curative act.*
   Legislation can neither validate nor nullify judicial acts, but, before judgment,
   a litigant whose claim or defence depends upon an informality not affecting
   substantial legal or equitable rights has no vested interest in the existing legis-
   lation; and, therefore, where a judicial proceeding for the condemnation of
   land delinquent for taxes, under the revenue act of 1872, had been commenced
   by a citation issued to the owner on the 14th of January, 1873, and served on
   the 15th of February, requiring his appearance on the 3d of March, the
   Legislature had the power, on the 21st of February, to enact that the return
   of the delinquent-list upon which such proceeding was based, on the 9th of
   January, 1873, should be as valid for all purposes as if it had been returned
   on the second Monday of December, as required by law, so that the act of
   condemnation in said proceeding should be valid.

5. DEED. *Description. Uncertainty.*
   A deed is not void for uncertainty in description, where it describes the land
   conveyed as "Commencement Plantation, consisting of 1,330 acres," situated
   in Adams County, in the State of Mississippi.

ERROR to the Circuit Court of Adams County.

Hon. T. OTIS BAKER, Special Judge, by agreement of the
parties, Hon. Ralph North having been of counsel in the
case.

Bettie A. Vaughan and her husband brought an action of
unlawful detainer, before a justice of the peace, against W. H.
Swayzie and others, to obtain the possession of a certain tract
of land. The case was carried by appeal to the Circuit Court.
The plaintiffs offered in evidence, in support of their title, two
deeds, — one from the tax-collector of Adams County, executed

in 1873, and the other from the auditor of public accounts, made in 1877. The former was excluded, for a reason which will be found sufficiently indicated in the opinion of the court. The plaintiffs then introduced the list of lands sold to the State in 1875, as the auditor's deed recited a sale to the State in that year. But the auditor's deed purported to convey " Commencement Plantation, containing 1,330 acres," and the list of lands sold to the State described Commencement Plantation as containing five hundred acres. The defendants moved to exclude the deed from the auditor, on the ground of this discrepancy ; and the court ruled that the deed should be excluded unless the plaintiffs were prepared to produce a deed, or other evidence of title, explaining this discrepancy so as to identify the five hundred acres sold to the State. The plaintiffs stated that they were unable to meet such requirement. The verdict and judgment were for the defendants, and the plaintiffs sued out a writ of error. The other facts necessary to a correct understanding of the case will appear in the opinion of the court.

*H. S. Van Eaton*, for the plaintiffs in error.

1. The court erred in excluding from the evidence the deed from McCary, tax-collector of Adams County, to the State. Acts 1873, sect. 289.

2. The deed from the auditor of public accounts to Mrs. Vaughan was improperly excluded from the evidence. The description of the land which it purported to convey was sufficient to entitle the purchaser to identify the land by evidence outside of the deed. *Tucker* v. *Field*, 51 Miss. 191 ; *Bowers* v. *Andrews*, 52 Miss. 600 ; *Eggleston* v. *Watson*, 53 Miss. 389. Although there was a discrepancy between this deed and the list of lands sold to the State, still the deed should not have been excluded on that account, until the plaintiffs had adduced all of their evidence. The discrepancy might have been susceptible of explanation, and the court should not have excluded the deed without the plaintiffs having an opportunity to make such explanation.

*Martin & Lanneau,* for the defendants in error.

1. In the absence of further proof than that offered by the plaintiffs below in support of their title, the auditor's deed was properly excluded from the evidence. *Swayzie* v. *Mc-Crossin,* 13 Smed. & M. 320; *Bowers* v. *Andrews,* 52 Miss. 601. The auditor's deed was not *primâ facie* evidence of title. *Clymer* v. *Cameron,* 55 Miss. 596.

2. The tax-collector's return of the list of delinquent lands in January, 1873, instead of on the second Monday of December, 1872, was absolutely void, not voidable merely. *Weir* v. *Kitchens,* 52 Miss. 74. The proceedings commenced thereon against the owner of the land in controversy were a nullity, and could not be validated by the act of 1873, subsequently passed. It could not cure the invalidity of the issuance and service of the summons; and it will be observed that the act does not purport to cure proceedings based upon the list of lands, but only the irregular return of the list. At most, the the act can only be construed to uphold proceedings commenced after its passage; but a careful inspection of the act shows that it was only intended to relieve McCary from a penalty.

*W. T. Martin,* of counsel for the defendants in error, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

The plaintiff who rests his title upon a tax-deed received from the auditor of public accounts is not protected by the statutory presumptions which, under sect. 1700 of the Code of 1871, attach to a tax-collector's deed, but, by production of the delinquent-list, he must show title in the State. *Clymer* v. *Cameron,* 55 Miss. 593.

The plaintiffs in the case at bar, aware of this duty, produced the delinquent-list filed in the clerk's office of Adams County; but, when produced, there was shown a fatal variance between this list and the deed received from the auditor. The deed was to " Commencement Plantation, consisting of 1,330

acres," and it was admitted that said plantation did consist of one thousand three hundred and thirty acres. But the delinquent-list showed a forfeiture to the State of " Commencement Plantation, consisting of 500 acres." There was nothing to show to which five .hundred acres, out of the total of one thousand three hundred and thirty acres, the State had obtained title ; and plaintiffs, though granted permission by the court to do so, confessed their inability to identify them.

If, therefore, the State's title to Commencement Plantation depended alone upon that acquired under the forfeited-list of 1875, the action of the court in excluding the auditor's deed would have been correct. But plaintiffs offered in evidence a deed to the *locus in quo*, made to the State by the tax-collector of Adams County, in 1873, by virtue of a sale for the unpaid taxes of 1872. This deed, also, was excluded by the court, and the correctness of this ruling requires more careful examination.

The revenue law of 1872, as said in *Weir* v. *Kitchens*, 52 Miss. 74, was peculiar in its character. It required, among other things, that the tax-collector should return the list of delinquent lands to the board of supervisors on the first Monday of December ; and if he failed to do so, such failure was made a felony, punishable by imprisonment in the penitentiary, and by the imposition, upon himself and sureties, of the whole amount of delinquent taxes due the State and county. It was held in *Weir* v. *Kitchens*, *supra*, that, where there had been such failure, no valid forfeiture or sale of the lands could take place.

The tax-collector of Adams County failed to return his delinquent-list on the first Monday of December, 1872, and did not, in fact, return it until the first Monday in January, 1873. This fact being admitted, the court below excluded the deed to the land in question executed by the tax-collector on the 3d of May, 1873.

But before the making of such deed,—to wit, on the 21st of February, 1873 (Sess. Acts, p. 289), — the Legislature, by an

act entitled "An act for the relief of William McCary," had enacted that " the delinquent-list of Adams County, filed and received by the Board of Supervisors on the 9th of January, 1873, be, and the same is hereby declared, to be as valid in law, for all purposes, as the same would have been if it had been filed with the clerk of said board on the first Monday of December, 1872."

That the Legislature has the constitutional right to pass such laws, to operate retrospectively, and that their effect is to cure such irregularities as occurred in this instance, is universally now conceded. Inasmuch as it is entirely competent for the Legislature to prescribe such formulas as it pleases with regard to the levy and collection of taxes, it is fully within its power, by retroactive legislation, to dispense with their necessity and obviate the evils of their non-observance. Cooley's Const. Lim. 371, and cases cited.

But it is urged that the proceedings for the condemnation of lands for taxes, under the act of 1872, were judicial in their nature, as held in *Weir* v. *Kitchens, supra;* and that, inasmuch as the citation to the delinquent tax-payer, provided for by that act, was issued and served in the proceedings before the Board of Supervisors of Adams County for the condemnation of this land before the passage by the Legislature of the curative act of February 21, 1873, the utmost effect of that act was to entitle the State to institute new proceedings, and that it was not competent for the Legislature to affect in any manner the *quasi*-suit then pending.

This view cannot be maintained. While it is true that the Legislature cannot validate void judicial acts, nor interfere in any way with the judgments of the courts, either to ratify or nullify them, litigants, before judgment, where their claim or defence depends upon an informality not affecting substantial legal rights or equities, have no vested interest in existing legislation ; and where the legislative power to pass the new law is undoubted, as it is in this case, it applies as well to pending as to future suits. *Shenley* v. *The Commonwealth*, 36

Pa. St. 57 ; *The State ex rel.* v. *The Town of Union*, 33 N. J. 350 ; *Boardman* v. *Beckwith*, 18 Iowa, 292 ; Cooley's Const. Lim. 370.

In this instance, the citation to the owners of the land issued on the 14th of January, 1873, and was served on the 15th of February thereafter. By it they were summoned to appear before the Board of Supervisors, and show cause why the land should not be condemned, on the 3d of March. Before that time arrived, — to wit, on the 21st of February, — the curative act was passed, by which the irregularity in the return of the delinquent-list was validated. Of this act the owners of the land were bound to take notice ; and when, on the 6th of March, the order of condemnation and sale was made, it was in all respects valid and obligatory.

It follows that the court below, in the trial of the case at bar, erred in excluding the deed made to the State under this sale, that deed being in all respects regular upon its face, and having been executed under and by virtue of a valid sale.

It follows, too, that the court erred in excluding the auditor's deed to plaintiffs, since the tax-collector's deed of 1873 placed the title to the land in the State, so far as this record shows, and thereby furnished the basis for the introduction of the deed from the auditor.

The court rightly ruled that the description of the land in the auditor's deed was sufficient.

Reversed and remanded.