## S. L. WEATHERSBY v. M. E. THOMA.

1. CIRCUIT COURT. *Trial by judge. Finding of facts.*
   In the absence of the separate finding of the law and the facts authorized by Code 1871, § 650, it will be presumed that the judge based his general finding on the case as made by the evidence ; and, if on the whole proof it appears to be correct, the judgment will be affirmed.

2. TAX TITLE. *Evidence. Auditor's deed. Conveyance to State.*
   In an action of ejectment on a tax title purchased by the State for taxes in 1868, the plaintiff cannot recover on the auditor's deed, dated Oct. 24, 1870, alone, but must introduce the deed of the sheriff to the State, required by Code 1857, p. 80, art. 36, as a foundation for the auditor's right to convey.

ERROR to the Circuit Court of Pike County.

Hon. J. M. SMILEY, Judge.

*Cassedy & Stockdale*, for the plaintiff in error.

The *prima facie* case, made by the introduction of the tax title from the State to the plaintiff in error, rests on the presumption that all the proceedings resulting in that deed were legal. The assessment, when regularly made, constituted a lien on the land for the taxes thereof, which could be removed only by payment. The sale was an enforcement of the lien, and invested a complete title in the purchaser. Payment was the only defence made, and, as it was not proved, the judgment should be reversed.

No counsel for the defendant in error.

GEORGE, C. J., delivered the opinion of the court.

This was an action of ejectment, in which the plaintiff in error endeavored to recover several lots in the town of Summit upon a deed made by the auditor of public accounts on Oct. 24, 1870, conveying to him the title of the State recited in the deed to have accrued from a sale of the same to the State for taxes on July 6, 1868. The defendant undertook to show that the taxes on the lots for the alleged nonpayment of which they were sold had been paid. Upon the auditor's deed, and the defendant's evidence, on which he relied to show payment of the taxes, the cause was submitted by consent of both parties, for trial on the law and the facts, to the judge, who found generally for the defendant, no request being made by either party, as authorized by the statute (Code 1871, § 650), that the judge should state his conclusions as to the law and the facts separately. Under this general finding by the judge, we are bound to sustain the judgment, if on the whole evidence it appears to be correct, and to presume that the judge decided on the case made by the evidence.

The plaintiff's case was fatally defective on account of his failure to introduce the deed to the State required by Code 1857, p. 80, art. 36, to be made by the sheriff to the State. We have held, in several cases arising under the Code of 1871, that a list of the lands sold to the State by the sheriff, in which is embraced the land sold by the auditor, is necessary to be introduced as a foundation for the auditor's right to convey. *Clymer* v. *Cameron*, 55 Miss. 593; *Gamble* v. *Witty*, 55 Miss. 26; *Vaughan* v. *Swayzie*, 56 Miss. 704. We see no reason why the rule should not apply to the deed to the State required under the Code of 1857. Our attention has been called to no statute dispensing with the production of this deed, and our researches have not discovered any. Under this view, it is unnecessary to pass upon the sufficiency of the defendant's evidence to show payment of the taxes for the alleged non-payment of which the lands are said to have been sold.

*Judgment affirmed.*