## M. P. FERRILL *v.* JAMES DICKERSON.

TAX-TITLE.  *List of lands.  Tax collector's certificate.*

Section 1698 of the Code of 1871, in relation to "Sales of land for taxes," required the tax collector to file in the office of the chancery clerk a "list of the lands sold to the State and the amount of tax and costs, which list shall be certified under his hand to be correct; and said list of lands sold to the State shall be in lieu of conveyances, and shall vest title in the State." A purchaser from the State of land sold under this statute must, in establishing his title, adduce in evidence the list of lands certified as required, and the certificate of the chancery clerk stating the facts which should be shown by the collector's certificate, and certifying that they appear "from the report of the tax collector," is not tantamount to the collector's certificate.

APPEAL from the Circuit Court of Wayne County.

HON. S. H. TERRAL, Judge.

M. P. Ferrill brought this action in March, 1884, to recover of James Dickerson a certain tract of land which the former claimed through a tax-title acquired thereto. In support of his demand the plaintiff first adduced in evidence a deed, dated December 19, 1883, from the auditor of public accounts, conveying to him the land in controversy, and reciting that the same was sold to the State for taxes on the 1st of February, 1875, for the taxes due thereon for the year 1874. The plaintiff then offered in evidence a certified transcript of the list of lands sold to the State for the taxes of 1874 so far as the same bears upon the land sued for, together with the certificate thereto, after having first proven that the *original* list had been destroyed by fire. The auditor's certificate stated that the only certificate attached to the list in his office was in the following language:

"State of Mississippi, Wayne County. I, W. S. Davis, clerk of the chancery court in and for said county, do certify that the above is a true and correct list of lands sold to the State for the taxes due thereon for the year 1874, with the cost and charges thereon, as is shown from the report of the tax collector now on file and duly recorded in my office. Given under my hand and seal of office, March the 18th, 1875.    "W. S. DAVIS, *Clerk.*"

The defendant objected to the admission of this list of lands in evidence, and the court excluded the same on the ground that " the certificate of the clerk, W. S. Davis, as appears upon the list, does not embody the certificate of the sheriff and tax collector, with the signature of that officer."

The verdict and judgment were in favor of the defendant, and the plaintiff appealed to this court.

*Woods, McIntosh & Williams,* for the appellant.

We beg the attention of the court to the language of § 1698 of the Code of 1871 : " And said clerk shall within ten days after the same is filed, forward a certified copy of *the list* of the land sold by the State to the auditor." What was he required to do? To forward a certified *copy of the list of the lands sold ?* This he did do, as shown by the certificate of the auditor. He was not required to embrace in his certificate a *copy of the certificate of the sheriff,* but only the *list of lands as the same appears in his office.* We respectfully submit that it is a strained construction of the above statute to so construe it, that the certificate of the clerk shall embody the certificate and signature of the tax collector. He did what the law required of him to do. We think the question was settled in *Wolfe* v. *Murphy,* 60 Miss. 18, where the court held : " The failure of the collector to make and file with the clerk of the chancery court separate lists of the land sold to individuals on or before the first Monday of April succeeding the sale, as directed by § 40 of the act of 1878, does not at all affect the title of the purchaser. By § 8 of article xii of the constitution it is declared that " the courts shall apply the same liberal principles in favor of such titles (tax-titles) as in sales by execution."

The case of *Wolfe* v. *Murphy,* in construing § 40 of the act of 1878, construes § 1698 of the Code of 1871, and that is the only decision rendered by this court which does construe it; in that case the court said : " If the power to sell exists, no mere irregularity in its exercise will avoid the sale.

*E. Watkins,* for the appellee.

The case of *Mayson* v. *Banks,* 59 Miss. 448, settles the question in the case at bar fully. A sale of land for taxes, and the

striking it off to the State, without any further act by the collector, vests no title in the State. The list prescribed by the statute is the instrument that vests title. In the case above cited, the court said that the evidence offered was a book from the chancery clerk's office, containing names of persons and description of land of divers persons under caption, " Lands sold for taxes, January 3, 1876;" but as stated by the bill of exceptions, there was no signature or certificate or authentication of any sort by the sheriff or other person in connection with this list. It was not sufficient. So is the case before the court now. The clerk could not certify for the sheriff. It seems to us that he has about as many certificates as he can well stand by without trying to certify for the sheriff. But it cannot be contended that his certificate will answer for the sheriff's. The pretended list offered in evidence in this case was not signed by the sheriff, was not certified to by him, nor by any one proposing to act for him in any manner. It will not sustain the claim of plaintiff for title, and the court did right in excluding it when offered.

In *Gibbs* v. *Dortch*, 62 Miss. 671, this honorable court through its then chief justice again decided that the tax list returned by the sheriff as sold to the State must be certified to in order to make it a perfect conveyance to the State, and to support a subsequent conveyance from the State to an individual purchaser. Nothing seems clearer to us, under the light of all the authorities on the subject, than that the court below on the trial of this cause did not commit an error in excluding the proof from the jury.

ARNOLD, J., delivered the opinion of the court.

The list of lands from the auditor's office introduced in evidence by appellant was incomplete and incompetent, and there was no error in excluding it from the jury. It has been decided in several cases arising under the Code of 1871 and similar statutes, that a plaintiff in ejectment, who claims through a tax-title from the State, must, in addition to his deed from the auditor of public accounts, show by the certified list of lands struck off to the State for non-payment of taxes that the State had title to be conveyed

by the auditor's deed. Whether that list is the original or a transcript from the records of the auditors or the chancery clerk's office, it must contain the certificate or authentication of the tax collector who sold the land. *Gamble* v. *Witty,* 55 Miss. 26; *Mason* v. *Banks,* 59 Ib. 447; *Gibbs* v. *Dortch,* 62 Ib. 671.

A list of the lands struck off to the State, certified under the hand of the tax collector to be correct, is required by § 1698 of the Code of 1871. The list so certified stands in lieu of a deed, and is the means by which title is acquired by the State.

When, as in *Wolfe* v. *Murphy,* 60 Miss. 1, an individual purchases at a tax sale, and a deed is made to him as provided by law, a failure of the tax collector to make, certify, or file a list of the lands sold to individuals would not affect the title of the purchaser. The title then would pass by the deed, and the list in such instance, it seems, is intended only for purposes of convenience, certainly not to confer title.

*Affirmed.*