YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* J. W. MCLARTY.

TAX-TITLE.   *List of lands sold to state.   Evidence of title.*

> In a suit by a vendee of the state to confirm a tax-title, the validity of which is denied by the answer, if the collector's list of lands sold to the state is not produced, complainant must fail. *Weathersby* v. *Thoma,* 57 Miss., 296.

FROM the chancery court of Grenada county.

HON. B. T. KIMBROUGH, Chancellor.

Bill by appellant against appellee to remove clouds and confirm a tax-title to certain lands in Grenada county. Complainant claimed through a tax-sale made to the state in 1876. The answer of defendant traversed the material allegations of the bill, denied complainant's right to relief, and set up adverse possession of ten years. The record contains no note of evidence, but, on final hearing, it appears that the following was introduced:

1. A list of lands sold to the state March 13, 1876, made by the auditor, under an act entitled "An act to systematize

the records of state tax lands," etc., approved March 5, 1880.
This list includes the land in controversy.

2. Two deeds from the state to one Mann, and a deed from
Mann to complainant, embracing said land.

3. Minutes of board of supervisors of Grenada county,
making levy for 1875.

4. Extract from assessment-roll of 1875, showing assess-
ment of this land.

This was all the evidence. The court decreed that com-
plainant was not entitled to confirmation, but referred the
cause to a master to state an account of the taxes paid on
the land, in order that complainant might enforce a lien for
the same. From this decree, complainant prayed and ob-
tained an appeal to settle the principles of the case.

*Mayes & Harris*, for appellant.

True, the tax-collector's list of lands sold to the state was
not introduced, but, as a substitute for it, the auditor's list,
made under the act of 1880, was read in evidence. The
question as to the sufficiency of this list is, we believe, a new
one. We contend that it is sufficient, and satisfies the law.

But, if this list was not proper, because secondary evi-
dence, defendant should have objected to its introduction.
Having failed to do this, it is too late to make objection to
the evidence in this court.

*I. T. Blount*, for appellee.

Complainant failed to show title, and was properly denied
relief. As in ejectment, it was necessary to show title. No
deed from the collector nor any list of lands sold to the state
was introduced. It does not appear that the land was ever
sold for taxes. The only error committed was in not dis-
missing the bill.

COOPER, J., delivered the opinion of the court.

There is an absence of any evidence of title in complain-

ant. The list of lands sold to the state for taxes was the foundation of the title it claims to hold, and was essential to be introduced or proved. *Clymer* v. *Cameron*, 55 Miss., 593; *Weathersby* v. *Thoma*, 57 *Ib.*, 296.

*Decree affirmed.*