<i>Reversed and remanded.</i>

## GATHINGS & WATSON v. W. H. MILLER.

1. EVIDENCE. *Trespass. Plaintiff's title.*

Plaintiff in trespass for cutting trees is not entitled to recover where he shows in himself neither a record or paper title nor a concurrence of possession and claim of ownership.

2. SAME. *Adverse possession.*

Title to an entire tract by adverse possession becomes vested in one who, claiming adversely, has for more than ten years cultivated part of the tract and exercised acts of ownership over the remaining uninclosed portion without let or hindrance from the owner.

FROM the circuit court of Clay county.

HON. W. F. STEVENS, Judge.

Miller, the appellee, was the plaintiff in the court below; the appellants, Gathings & Watson, were defendants there. The opinion states the facts of the case.

*Critz, Beckett & Kimbrough*, for the appellants.

1. On the trial the plaintiff did not introduce any record or paper evidence of title, but relied on adverse possession. The law is well settled that in the absence of a record or paper evidence of title that adverse possession extends only to the land actually occupied. *Welborn* v. *Anderson*, 37 Miss., 163, 164; *McLeary* v. *Anthony*, 54 Miss., 710, 711.

The plaintiff introduced witnesses to prove that he had owned the northwest quarter of section 14 for thirty years, but not one of them testified that he had occupied or claimed the particular strip of land on which the trees were cut. They all speak of the northwest quarter of section 14, but none of them tell what township or range they are talking about. The charges on both sides refer to northwest quarter of section 14, township 15, range 5. This probably comes from the tax receipts which were introduced, but not a single witness ever connects the northwest quarter of section 14 he is talking about with the tax receipts of northwest quarter of section 14, township 15, range 5. Even if it were otherwise, the payment of taxes is no evidence of possession or title. *Huntington* v. *Allen*, 44 Miss., 654; *Dixon* v. *Cook*, 47 Miss., 220. On the contrary, the evidence of the plaintiff's own witnesses showed that he lived a mile from the land. Hence it is not certain that he did not live on this so-called northwest quarter for a quarter section in a half mile square. The evidence further shows that Gathings had a part of this contested strip of land cleared up and fenced and cultivated and that a line drawn south from the western boundary of this field would take in all the contested land and trees on Gathing's side.

In the absence of written muniments of title mere possession with a claim of ownership does not sufficiently establish title unless begun under color of title and continued long enough under the statute of limitations to consummate a title. *Wade* v. *Thompson*, 52 Miss., 367. And mere vague evidence which does not identify the land nor show the particulars and character of possession is insufficient. *Goff* v. *Cole*, 71 Miss., 46.

The statute requires that "in actions of trespass to land the place of the alleged trespass shall be designated in the declaration by name, or abuttals or other proper description." Code 1892, § 679.

In all of the cases, as in *Ware* v. *Collins*, 35 Miss., 223, and other cases where the plaintiff was not required to establish a complete paper title, or title by actual adverse possession for the statutory period, the defendant, under some recognized rule of law, was estopped to dispute the title, as in case of landlord against tenant. Claiming from the same source, he was in these cases a mere intruder without claim of title, etc. The case of *McCleary* v. *Anthony*, 54 Miss., 710, is very much like the case at bar. The evidence there was "the trees were cut on the land of my mother."

2. Gathings had been in the undisputed and recognized possession for fourteen years before his title was disputed, and for sixteen years after it was disputed, and if he was in possession at any time continuously for more than ten years it made his title good. *Geohegan* v. *Marshall*, 66 Miss., 676. And this is equally true in case of owners of adjoining lands, and where the owner of one parcel has gone beyond his line by mistake, and cleared up a portion on the other land, and exercised such acts of ownership as the land is susceptible of, his possession is adverse of the whole strip. A case exactly in point is *Metcalfe* v. *McCutchen*, 60 Miss., 145.

*Roane & McClellan*, for the appellee.

Gathings & Watson did not claim this land, nor did they claim that they had a right to cut timber from any one who owned the northwest ¼ of section 14, township 15, range 5. M. W. Gathings, a member of the firm of Gathings & Watson, claimed to have permission to cut wood from his mother's land, situated in the northeast ¼ of section 14, township 15, range 5, which land of Mrs Gathings was immediately east of the northwest ¼ of section 14, township 15, range 5. The controversy was about the line, and whether a line had been recognized between these two tracts of land long enough to make it the established line.

WOODS, C. J., delivered the opinion of the court.

This was an action of trespass brought by the appellee against the appellants for cutting trees on a strip of land lying along the line between the northwest ¼ of section 14, and the west ½ of the northeast ¼ of the same section.

The appellee, on the trial below, introduced no record or paper title to the northwest ¼, but did offer evidence that he claimed the same. In the absence of record or paper title, the appellee could only have maintained his action by establishing a concurrence of possession and claim of ownership, but this he totally failed to do. It is perfectly shown by the evidence offered by appellee, as well as that introduced by appellants, that Mrs. Gathings, the mother of one of the appellants, and by whose authority the trees were cut, had claimed this disputed strip of land, and had been in the open, notorious adverse possession of the same for about thirty years. She had cleared, fenced and cultivated the north end of the strip, and had cut from the uninclosed south end of the strip timber for all sorts of farm and domestic purposes wherever and whenever she wished, and all this with the knowledge of appellee, and without objection on his part, except on one occasion nearly sixteen years ago. On that occasion, and after what is called the Morrow line had been surveyed and run, the appellee told Mr. Gathings, the husband and agent of Mrs. Gathings, that he, Gathings, was on his, Miller's, land, when Gathings replied that he had been there too long to move. "I did not contest with him about it. It was a small strip, and was too little a thing for me to contest with a man like Sampson Gathings about." And so the matter remained for nearly sixteen years thereafter, and Gathings continued to claim and possess the disputed strip. All the evidence on both sides shows that Mrs. Gathings claimed the strip, and that she occupied it and exercised the usual acts of ownership over it for twenty or thirty years, and her claim was thus unassailable.

The peremptory instruction asked by the appellants should

have been given, and, as this view must end the controversy, we think it unnecessary to notice the many other assignments of error, none of which are certainly well taken.

*Reversed.*