### B. B. WILLIAMS & CO. *v.* COLLINS.

[75 South. 689, Division A.]

TRESPASS. *Who may maintain action.*

> In an action for damages for injury to real estate, where plaintiff only introduced a deed to the property, but did not deraign his title, nor show possession of the property, he was not entitled to judgment.

APPEAL from the circuit court of Harrison county.
HON. J. H. NEVILLE, Judge.

Suit by R. E. Collins against B. B. Williams & Co. From a judgement for plaintiff, defendant appeals.

Appellee was plaintiff in the court below, and appellants were defendants. This suit was filed for damages growing out of the alleged entering by the defendants upon the property described in the declaration and alleged to be the property of the plaintiff and boxing certain pine trees for turpentine purposes.

The plaintiff introduced a deed to the property, but did not deraign his title, nor did he show possession of the premises. From a judgment for plaintiff the defendants appeal.

*White & Ford,* for appellant.

Counsel say that appellee introduced his deed and showed he was in such possession of the land as it was susceptible of. This is hardly a fair statement in view of the fact that the record utterly fails to show any thing of the sort. In our direct brief we supported our statements of fact with citations from the record, and we cannot assent to this statement. We are sure counsel made it in good faith but it is his deduction from the testimony and not the testimony itself, Collins didn't testify to it. He testified he was not in possession, or in other words that he was living in San Antonio. Reeves didn't testify to it. Reeves, the man whom appellee claims was looking after it, says on page 71 of the record:

"No sir, I was not looking after Collins' land; I had been there and surveyed Collins' land, and had nothing to do with it. He asked me to see if any one trespassed on it." And Reeves didn't say he ever saw anybody, or had any occassion to even put into use this admonition. So what he might have done cannot be possession.

Appellee further discusses the question of possession and attempts to show possession by various conversations had between witnesses and parties. They talk about what Williams said. They don't rely on estoppel. Williams could have recognized ownership in Collins but

that would not make Collins the owner. In our opinion the weakness of appellee's attempt to show possession and to support it in his brief, alone answers this contention in our favor. They don't even claim Reeves was ever in possession and if they did, appellee testified positively that he was not. He was not a tenant of appellee. A policeman or sheriff might also be requested to keep a lookout, or all the neighbors anywhere near the place might have been requested to keep a lookout for trespassers, still there would be no possession or nothing to aid it. The officers of the law guard the homes of citizens, still the commonwealth or the governing body hiring the officers have no possession of the property. Reeves didn't even have the care of this property, much less the possession. He was an absolute stranger to the title and to the possession under his and appellee's testimony. Possession means either an actual occupancy or a right to dominion and Reeves had neither. Possession; the act of possessing or the state of being possessed; the having, holding or detaining of property in one's power or control; the state of owning or controlling. The Century Dictionary and Encyclopedia, vol. 6, page 637.

Counsel can make no satisfactory criticism of the authorities cited. In *Darrill* v. *Dobbs,* 78 Miss. 912, Dobbs recognized Darrill's claim of ownership (as appellee contends Williams did here) but this court said that made no difference and that no possession was shown, and that the record title was no good, although plaintiff's grantor was the state as against some individual here.

We respectfully submit that from an examination of this record it will be apparent to the court that for many reasons the case should be reversed and remanded.

*Mize & Mize,* for appellee.

Appellants' next assignment of error is that appellee did not show sufficient title; and in support of that they

show that, at the time of the filing of the suit, appellee was in San Antonio and at the time of the purchase of the land he was in Newberg, Indiana, but counsel overlooked the fact that, at the time of the cupping of this timber, appellee was out on his land, protesting against it and leaving Emmett Reeves in charge of it to prevent trespass on it, all of which was known to Williams and recognized by Williams.

So here we have a warranty deed to this land, with the appellee telling Williams that he, Williams, had hung just a few cups over the line, and that he was going to have it surveyed and for him, Williams, to be present at the survey; and further sending him word by Emmett Reeves not to go upon this land any more. The survey was made Williams sending his man, who missed the place; and after this Williams again crossed on Collins' land and cupped below the line after he had been warned by Collins not to do so and Williams admits that he did cup some timber on Collins' land and land which he knew to be Collins. So what stronger case could the court want. It falls right squarely within one of the cases cited by appellants. *Cuave* v. *Ingram Day Lumber Co.,* 104 Miss. 32.

In *Davany* v. *Koon,* 45 Miss. 71, the court held that color of title with possession was sufficient to enable plaintiff to recover unless defendant could show title in himself for some third person; which the appellants in the present case did not attempt to do. *Alliance Trust Co.* v. *Hardwood,* 74 Miss. 584, has no bearing on this case at all.

*Darrill* v. *Dodds,* 78 Miss. 912, was a case where the defendant had through mistake cut over on the land of the plaintiff and had sent her a check in payment of it, which she accepted, but afterwards brought suit to recover for the timber and introduced a deed from the auditor to W. A. Montgomery and from him on down to her. The court held that she did not show sufficient

possession under color of title to recover, and further that in accepting the two hundred and eighty-one dollars, she accepted in full settlement of the claim and was estopped from claiming any more. In that case there was no attempt to show that she was ever present or held any possession whatever or notified the defendant that she owned the land or where the lines were; but in the present case, as shown by the excerpts from the testimony, the appellee, Collins, was in possession of this land; was out there with Williams; had the land surveyed;'' told Williams he was having it surveyed and for him to be there, telling him where the line was and and that he, Williams, had gotten over the line; sending Reeves to Williams to tell him, which he did, not to go over the line any more, and Williams admitting that he did get over on Collins' land and admitting that he recognized Reeves as being the representative of Collins and that he told Reeves he might lease Collins' timber from him a little later on; and Williams also having the land surveyed, recognizing that there was a dispute between him and Collins as to the boundary line.

So we submit that none of the cases cited by appellants is in point with the facts of this case, and, besides, those were cases where suits were for the statutory penalty. In the case at bar the count as to statutory penalty has been eliminated. However, even if not eliminated, the facts of this case differentiate it from the cases cited by appellants.

In conclusion, we submit that this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

Appellee proved only color of title to the land on which the trees in controversy are situated, and failed altogether to prove that he had any sort of possession thereof; consequently he cannot maintain this suit.

*Reversed and remanded.*