HOUSTON BROS. v. LENHART.*

(Division B. June 16, 1924. Suggestion of Error Overruled Sept. 15, 1924.)

[101 So. 289. No. 24153.]

1. TRESPASS. *Plaintiff must either prove title or possession of land.*
    In a suit for the cutting of trees, the plaintiff must either prove title to or possession of the land from which the trees were cut.

2. TAXATION. *One relying on deed to forfeited lands must introduce list of lands sold to estate for taxes.*
    One relying upon a deed from the state to lands sold him as forfeited tax lands must introduce the list of lands sold to the state for taxes. This list is the foundation of the state's title to the land.

3. TRESPASS. *Evidence held insufficient to show possession of land.*
    Where a person claims to have owned wild and uncultivated lands for a period of sixteen years, and has a deed to the land from another person, and has paid taxes on the land for that period, but has been on the land during that period only five or six times, this testimony is not sufficient to show that he is in possession of the land.

*Headnotes 1. Trespass, 38 Cyc. p. 1006; 2. Taxation, 37 Cyc, p. 1464; 3. Trespass, 38 Cyc, p. 1118.

APPEAL from circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Action by A. L. Lenhart against Houston Bros. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

*Hirsh, Dent & Landau,* for appellant.

Plaintiff not the Owner of said Lands by Adverse Possession. The law is settled in this state that in order to successfully maintain this action the plaintiff must show possession with color of title to the land on which the trespass is alleged to have been committed, or he must show title. Plaintiff did neither. *Dorrill* v. *Dodds,* 78 Miss. 914.

Plaintiff's Record Title Defective. State Had no Title when it Issued Patent. The record is as silent as the grave as to when or how the state acquired this land at a tax sale. When and where was the sale made to the state? Was it made in Issaquena or in Sharkey county? The record does not disclose these essential facts. We submit, there is no evidence in this record showing that land was ever sold to the state for taxes legally assessed against it in either county. Under what law, and for what purpose was it sold to the state? The plaintiff was required under the law to show how and when the state acquired its title; otherwise the state has no title—nothing to sell. *Bennett* v. *Chaffs,* 69 Miss. 281; *Railroad Co.* v. *McLarty,* 71 Miss. 756; *Clymer* v. *Cameron,* 55 Miss. 593; *Weathersby* v. *Thoma,* 57 Miss. 296; *Terrill* v. *Dickerson,* 63 Miss. 210; *Gamble* v. *Witty,* 55 Miss. 26; *Mayson* v. *Banks,* 59 Miss. 447; *Gibbs* v. *Dortch,* 62 Miss. 671. As there is nothing in this record to disclose when, if at all, this land was sold to the state for taxes, it is impossible to say whether the tax collector had to comply with the provisions of the Codes of 1857, 1871, 1880, 1892 or 1906, or some intervening act. However, all the codes and all the acts relating to the sales of land to the state require that some record be made of the sale, and this

record must be produced in order to establish title. *Mayson v. Banks, supra; Clymer* v. *Cameron, supra; Vaughan* v. *Swayzee,* 56 Miss. 704; *Weathersby* v. *Thoma, supra; Dingey* v. *Lodd,* 57 Miss. 678; *Dingey* v. *Paxton,* 60 Miss. 1038; *Terrill* v. *Dickerson, supra; Williams* v. *Collins,* 114 Miss. 882.

Plaintiff Had no Title. He was not in Possession of the Land. Therefore he has no right to recover. *Williams* v. *Collins,* 114 Miss. 886.

Title in Third Parties, if Land was Sold to State Prior to April 13, 1888. The court erred in giving peremptory instruction for the plaintiff. *Darrill* v. *Dodds, supra; Williams* v. *Collins, supra.*

*Jas. D. Thames* and *W. E. Morse,* for appellee.

Mr. Lenhart testified that he purchased the piece of property from R. B. Christy, March 27, 1906, and that he had kept the property since that time, had paid all of the taxes, had visited it from time to time, had estimated the timber on it at various times; that it was wild woodland not capable of cultivation; that he had the lines of the property blazed out; and his lines were evidently known to the defendant because they sent their surveyor down there in the fall of 1920 right after this timber was cut to show Lenhart's lines to a Mr. Anderson, who was to testify for the defendant. The ownership map gotten out by Geo. T. Houston shows that he did not claim the property. Mr. Polk, Houston's wood foreman, stated that he had a blue print and told Maude Anderson to cut across the river on all the land except lot 4 which belonged to A. L. Lenhart. Plaintiff introduced a patent from the state of Mississippi to R. B. Christy. A certified copy of the patent from the United States Government to the state and a certificate from the land office to the effect that the property had been sold by the state as swamp and overflow land were introduced.

We, therefore, introduced a patent from the United States Government to the state of Mississippi, a certificate showing that the state had parted title to the property as swamp and overflow land; also, a certificate of the patent from the state to R. B. Christy. We submit that our title is as perfect as a title could be. If there is any defect it could only be by virtue of a certified patent issued by the state, April 13, 1888 to W. A. Williams, Jas. M. Edwards, and R. L. Gayer. We say that this patent of 1888 is void on its face; for the reason that the sale was made May 10, 1875. The Abatement Act applied to sales made to the state for taxes prior to taxes for 1874. *Chamberlain* v. *Lincoln Co.,* 71 Miss. 949, 15 So. 40; *Gamble* v. *Witty,* 55 Miss. 26; *Prophet* v. *Lundy,* 63 Miss. 603; *Chambers* v. *Myrick,* 61 Miss. 459; *Dingey* v. *Paxton,* 60 Miss. 1038. It devolves upon one claiming under a sale made under that statute to prove by independent evidence that the land belongs to the class to which the statute applied. *Dingey* v. *Paxton, supra; Chambers* v. *Myrick, supra.*

We assert that Lenhart had a perfect legal title to the property; that not only had he a perfect legal title to the property but he exercised such act of ownership over the property as it was susceptible of. That he estimated the timber, that he paid taxes on it for sixteen years.

We turn now to the question of the liability of the defendant. The court gave the plaintiff a peremptory instruction to find in his favor. This instruction was a proper instruction, in this case. We say with all due deference that the court could not have granted an instruction otherwise. There was an admitted taking of Lenhart's timber without a payment to him for the timber. With the facts as they are, there was really only one question for the jury and that was the measure of damages. We come, therefore, to our last proposition.

The only timber that the court allowed us to recover for was the timber actually converted and appropriated

by the defendants. The court's rule was the fair market value of the timber at the time and place of cutting, less the cost and labor of putting them there. The court further ruled that the plaintiff in the lower court could only recover for the timber actually converted by the defendant and that we could not recover for the stumps. *Bond* v. *Griffin,* 79 Miss. 599, 22 So. 187; *Heard* v. *James,* 49 Miss. 236; Sedgwick on Measure of Damages, 578; *Railroad* v. *Le Blanc,* 21 So. 750; 17 R. C. L. 1112 and note 2.

Argued orally by *R. L. Dent* for appellant, and *J. D. Thames* and *W. E. Morse,* for appellee.

SYKES, P. J., delivered the opinion of the court.

A. L. Lenhart, plaintiff in the circuit court, brought suit against defendant, Houston Bros., for damages for the cutting of a number of trees from lands claimed to be owned by plaintiff.

A plea of the general issue was interposed by the defendant, and also notice of certain matter that the defendant would prove was given. It is unnecessary to set out what this notice contains.

The cause was submitted to a jury which rendered a verdict in favor of the plaintiff upon which verdict judgment was entered by the court. This appeal is prosecuted from that judgment.

It is the contention of the appellant that the case should be reversed, because the appellee (plaintiff) failed to prove either his title to the land, or his possession of it. To maintain this suit the plaintiff must have either possession of or title to the land. *Darrill* v. *Dodds,* 78 Miss. 912, 30 So. 4.

The plaintiff's claim of title introduced by him was as follows: (1) Title from the state to some one as swamp and overflowed land; (2) deed from the land commis-

sioner to Christy, sold as forfeited tax land; (3) deed from Christy to Lenhart.

There was a complete break in the chain of title from the state conveying it as swamp and overflowed lands until the state again sold it as forfeited tax lands. The plaintiff failed to introduce the list of lands sold to the state for taxes, upon, which the state's claim of title to this land is based as forfeited tax lands. The defendant properly objected to the introduction of the state's patent to Christy as forfeited tax lands. The introduction of these deeds was not sufficient to show title to this land in the plaintiff. It devolved upon him to introduce the list of lands sold to the state for taxes, upon which his tax deed from the state is based. The list of lands is the foundation of his claim of title, and without its introduction this title necessarily fails. *Clymer* v. *Cameron*, 55 Miss. 593; *Weathersby* v. *Thoma*, 57 Miss. 296; *Ferrill* v. *Dickerson*, 63 Miss. 210; *Mayson* v. *Banks*, 59 Miss. 447; *Williams* v. *Collins*, 114 Miss. 882, 75 So. 689; *Bennett* v. *Chaffe*, 69 Miss. 281, 13 So. 731; *Railroad Co.* v. *McLarty*, 71 Miss. 755, 15 So. 928.

It is the contention of the appellee that the testimony shows that he was in possession of the land under color of title. The next question then is whether or not he was in possession of the land. From the time it was purchased he paid taxes on it. It is woodland, which overflows periodically. There are no fences or improvements of any kind on the land. He purchased the land from Christy in 1906. He states that he was on the land after he bought it at various times; that when he bought it the lines were pointed out to him; that he went on the land several times to see that there were no trespasses in the way of cutting timber and to make an estimate of what the timber was worth; that during his sixteen years of ownership he has been on the land approximately five or six times; that he has given permission to different

people to hunt on the land.  It seems that it was a year or two after the timber was cut out of which this suit arises before this fact was discovered by the plaintiff. In short, the plaintiff paid taxes on the land for about sixteen years and visited it about five or six times during that period.  It was wild land, not susceptible of cultivation.  It cannot be said however, that one is in possession of land in sixteen years only goes on this land for a short period of time each visit, only making five or six visits, or about one visit every three years.  This is not possession of land.  *Darrill* v. *Dodds,* 78 Miss. 912, 30 So. 4; *Williams* v. *Collins,* 114 Miss. 882, 75 So. 689.

For the failure to prove either a record title, or possession of land who in sixteen years only goes on this land for the necessary period, one of which must be done by the plaintiff before he can maintain this action, the judgment of the circuit court is reversed, and the cause remanded.

*Reversed and remanded.*