CONSUMERS VENEER CO., et al. *v.* CHESTNUT, et al.

Division A. Jan. 2, 1951.

No. 37751 (49 So. (2d) 735)

Welch, Cooper & Welch, for appellant.

Frank Clark and W. M. Hutto, for appellees.

Lee, J.

A. H. Chestnut and A. P. Chestnut were the owners of the land involved in this suit. They acquired title from G. C. Clark by warranty deed of date of July 15, 1944. Clark had previously obtained title from L. C.

Williams by warranty deed of date of August 30, 1943. Both deeds were filed for record immediately after execution. The Chestnuts held possession through an agent, who had the land in charge, and looked after it for them.

On March 7, 1946, L. C. Williams, by warranty deed, conveyed to David M. Doherty the timber on a large tract of land, which included the same acreage owned by the Chestnuts. On the same day, a like conveyance was executed by Doherty to Consumers Veneer Company. The company procured the preparation of the deeds, and retained them in its possession. During the years 1946 and 1947, Doherty cut the timber on the whole tract and delivered it to the company.

The Chestnuts filed their suit in March 1948 to recover damages for the alleged cutting and damage of timber on their land. A. P. Chestnut died in July 1948, before the trial; and, on motion, his interest in the litigation was revived in the names of Mrs. Ollie Chestnut and Oliver Chestnut, widow and son, respectively, his sole and only heirs at law. The defendants therein, Doherty and Consumers Veneer Company, filed their answer, and the cause proceeded to trial, resulting in a verdict for the plaintiffs for $900. The Consumers Veneer Company only has appealed here.

For the appellees, the proof showed that between 40,000 and 50,000 feet of pine and hardwood timber had been cut off of this land; that some pulpwood had been removed; and that some small seedlings had been destroyed. The stumpage was arrived at by experienced timber men. They counted the stumps and estimated the amount. The value of the timber was variously estimated from $18 to $30 a thousand feet. It was cut without the knowledge of appellees, and without the consent of their agent. Doherty was seen in his operations upon the land. Appellees' agent testified that he warned Doherty against cutting the timber. This was admitted by Doherty, but he stated that most of the timber had already been cut at the time. Doherty, at

first, testified that he cut only about 5,000 feet, and that the timber was worth only about $15 per thousand. However, he finally admitted that he did not know how much timber he cut and removed. One witness for the appellees testified that Doherty removed a "right smart" of timber. All timber removed by Doherty was admittedly delivered to the company.

Factually, the amount and value of the timber were the sole issues in dispute; and the cause was properly submitted to the jury.

Appellant complains that his motion for a bill of particulars should have been sustained. But the trouble with such assignment is that there was no order allowing or denying the motion. It merely appears in the record. In the absence of action, the trial court cannot be put in error.

Error is also assigned because another verdict was rendered against Doherty on the second count of the declaration for damage to seedlings. A sufficient answer thereto is that Doherty has not appealed here. For all we know, he is, perhaps, not aggrieved.

It is said, too, that Mrs. Ollie Chestnut and Oliver Chestnut had no right of action inasmuch as it was not shown that A. P. Chestnut died intestate, and that Oliver Chestnut had been lawfully adopted. In response to this assignment, it appears that, by order of the court, the interest of A. P. Chestnut in the cause of action was revived in the names of these two appellees "as his sole and only heirs at law". Besides, the amended declaration alleged that they and A. H. Chestnut were the owners of the land. The answer of Doherty admitted, and the answer of Consumers Veneer Company made no denial of, that allegation. See also statute of jeofails, Section 1544, Code of 1942.

It is also contended that appellees proved neither their title nor their possession. But the answer to this contention is that L. C. Williams was the common source of title. Where adversaries claim from a common

source, it is unnecessary to carry the deraignment further in a mere controversy between them. Appellees held the paper title, duly of record, before appellant and its grantor obtained a deed. ▮ ▮ Besides, the land was in their possession and control, through their agent, who "had it (the land) in charge" and was "looking after that forty acres of land for the Chestnuts". "In charge" means "having the charge or care of something"; "charge" means "a thing committed or entrusted to the care of . . . or management of another." Webster's New International Dictionary, 2d Ed. Thus, the appellees had both title and possession. Houston Bros. v. Lenhart, 136 Miss. 841, 101 So. 289; Gathings et al. v. Miller, 76 Miss. 651, 24 So. 964; Williams & Co. v. Collins, 114 Miss. 882, 75 So. 689, cited by appellant, are inapplicable.

Affirmed.