# Kirkland v. Trott.

*Motion for Rents accruing after Judgment in Real Action.*

1. *Motion for rents accruing after judgment in real action; statute of limitations.*—A motion under the statute by the plaintiff in a real action for rents accruing after judgment, and before delivery of possession (Code, § 2958), is a substitute for an action for mesne profits, is in the nature of a suit for use and occupation, or for arrears of rent, and belongs to the class of actions which are barred by the statute of limitations of six years (Code, § 3226).

2. *Same; liability of tenants in common for use and occupation.* Where one tenant in common forcibly evicts another, or the one in possession keeps the other out, or refuses to let him enter, this constitutes an *ouster* which will support ejectment; and in such action, the plaintiff may recover his share of the value of the use and occupation wrongfully withheld from him.

3. *Same; tenants in common; res adjudicata.*—On a motion under the statute by the plaintiff in ejectment for rents accruing after judgment, in a case where the parties are tenants in common, the recovery in ejectment is a conclusive adjudication against the defendant, that he had ousted the plaintiff.

4. *Same; effect of appeal from recovery in ejectment, and of supersedeas, where parties are tenants in common.*—Where one tenant in common obtained a judgment of recovery in ejectment against his co-tenant, from which the latter appealed to this court, and executed a bond for the purpose of superseding the judgment, on a motion made by the plaintiff for rents accruing after judgment, on an affirmance in this court, the defendant can not be heard to say, that the bond did not operate as a *supersedeas,* and, for this reason, the plaintiff was not prevented from entering by the appeal. The bond, in such case, furnished a sufficient excuse to the plaintiff for not attempting to take possession pending the appeal.

5. *Same; admissibility of evidence.*—In such case, the bond and other proceedings on the appeal are admissible in evidence against the defendant, although they are not averred in the motion, or otherwise pleaded.

6. *Same; lis pendens notice to defendant's vendee.*—*Lis pendens* operating as notice, the transfer by the defendant, pending the appeal, of his possession, and of all his right and title to a third party, does not, in such case, affect the plaintiff's right of recovery.

Appeal from Sumter Circuit Court.

Tried before Hon. John Moore.

This was a motion under the statute by David H. Trott for rents of an undivided half interest in a designated lot of land in the town of Livingston, which he had, on 16th October, 1877, recovered in an action of ejectment brought by him against David L. Kirkland ; and was filed on 2nd December, 1882. The defendant filed the following pleas: 1. "The general issue." 2. The statute of limitations of one year.

21

[Kirkland v. Trott.]

3. That at the time of plaintiff's recovery, plaintiff and defendant were tenants in common, each having an equal interest, and continued to be tenants in common until 15th December, 1878, when the defendant sold and conveyed his interest in the premises to one Louisa Battle, and "transferred to said Battle his possession of said premises;" and that since 1st January, 1879, he has not had possessson of said property, or claimed any right, title or interest therein, or in any manner asserted any authority or control over the premises, or received any rents therefrom. 4. The facts pleaded in the third plea, *supra*, in defense of so much of the motion as seeks a recovery of rents after 15th December, 1878. 5. That the defendant was, at the time of the rendition of the judgment for the land, a tenant in common with the plaintiff, owning an undivided half interest in the land ; and that he had since continued to hold and own said undivided half interest, and to be a tenant in common with the plaintiff. The plaintiff demurred to the second, third, fourth and fifth pleas, and his demurrer to each plea was sustained. The motion was then tried on issue joined on the plea of the general issue, the trial resulting in a verdict and judgment for the plaintiff.

The plaintiff proved, on the trial, the rendition of his judgment, and that on 14th January, 1878, the defendant applied for, and obtained an appeal from said judgment to this court, he executing a bond for the purpose of susperseding the judgment, which recites the application for the appeal, "and also for a *supersedeas* of the execution of said judgment, which has been granted on his entering into this bond;" that said judgment was affirmed on 19th July, 1881, and that on 1st October, 1881, the plaintiff was put in possession of the land by the sheriff of Sumter county, under a writ of possession. " The defendant objected to the evidence in regard to the appeal, and the affirmance of the judgment, because there was no corresponding averment in the motion, and because the evidence was irrelevant." The court overruled the objection, and the defendant excepted. The plaintiff also proved the rental value of the lands from 16th October, 1877, until the writ of possession was executed.

" The defendant objected to being charged with more than half the rents he had received during the time sued for, and offered to prove that, at the time of the recovery of said judgment in said real action, and ever since, he was the owner in fee of an undivided half interest in the land, in common with the plaintiff, who owned the other half interest therein ; that he was in possession of said land by virtue of such ownership ; and that since the recovery of said judgment in said real action, plaintiff never demanded possession of said land. Defendant

also offered to prove what amounts he had received, during the years sued for, for the rent of said land. The court refused to admit the evidence thus offered, and decided that the defendant was liable to the plaintiff for the fair market rental value of the land, without regard to what he had received, except as a circumstance tending to show what that value was; and the defendant then and there excepted to the ruling of the court. While plaintiff was being examined, he was asked what was the fair market rental value of the land; to which defendant objected, on the ground that, being a tenant in common with plaintiff, he was not liable for more rents than he had received."

The rulings above noted are here assigned as error.

J. B. HEAD and J. J. ALTMAN, for appellant.

THOS. B. WETMORE, *contra.*

STONE, J.—We can not agree with appellant that section 3231, sub-division 6, of the Code of 1876, fixes the limitation of this action. It is a substitute for an action for mesne profits, is in the nature of a suit for use and occupation, or for arrears of rent, is authorized by the statute, and, we think, it falls within section 3226 of the Code. To hold that it is a civil action for an "injury to the rights of another," is certainly a very indefinite, if not an inaccurate definition. All the analogies assign it a place under section 3226 of the Code.

In ordinary cases, one tenant in common is not liable to his co-tenant for use and occupation. This results from the fact that such tenant, when in possession, is only in the exercise of the rights the law and his title clothe him with. He is in possession, has the right to be in possession; and such possession does not, *per se*, dispossess the other co-tenant, nor deny to him the equal right to enter and occupy. The mere possession of one tenant in common is not adverse to the claim or right of his co-tenant, but is presumed to be taken and held under the common title, in recognition of the common right, for the benefit of all the tenants in common, and not in hostility to such common right. Such peaceable possession, being in recognition of the equal rights of the other tenants, has in it none of the elements of an adverse holding. In cases of this kind, the tenant out of possession can recover nothing for mere use and occupation against the tenant in possession, although the latter may have occupied and utilized the entire premises. This, because in presumption of law, it was the mere neglect or fault of the tenant out of possession, that he did not enter and occupy with his co-tenant. If, however, the tenant in possession actually realize rents for the premises, or a part of

them, he can be made to account to his co-tenant for his share of such receipts.—*Newbold v. Smart*, 67 Ala. 326 ; *Terrell v. Cunningham*, 70 Ala. 100.

When there has been a forcible eviction of one tenant in common by another, or the one in possession keeps the other out, or refuses to let him enter, then the case is governed by different rules. Then, and only then, can the tenant out of possession maintain an action to be let in ; for only in such case has he been evicted. This constitutes the *ouster*, indispensable to the maintenance of ejectment. And in such action, the plaintiff may recover his share of the value of the use and occupation, which has been wrongfully withheld from him.

It is contended for appellant, that this rule should not apply to this case, first, because it is not shown that Trott, the plaintiff, was hindered from occupying the premises under his title. This is answered by the recovery of Trott v. Kirkland, in the statutory real action. If there had been no hindrance to Trott's entry, that action could not have been maintained. The recovery and judgment in that suit render this question *res adjudicata*, between these parties.

It is contended, in the second place, that after the recovery in the circuit court, Trott could have entered, and therefore he should not recover in this proceeding. The answer to this objection is, that Kirkland all the while litigated Trott's right to enter ; and after verdict and judgment in the circuit court, he appealed to this court, and superseded the judgment in the circuit court. After the affirmance in this court, Trott was guilty of no undue delay in obtaining possession.—*Kirkland v. Trott*, 66 Ala. 417. It does not lie in Kirkland's mouth to say the supersedeas bond was insufficient. It was intended to operate as a supersedeas, expresses that it does supersede the judgment, and Kirkland can not complain that Trott submitted to it, without testing its sufficiency. It furnishes a sufficient excuse to Trott for not attempting to take possession, which we feel bound to presume would have been resisted. Nor was there any error in receiving evidence of the bond, and other proceedings on the appeal. They were but evidence showing how Trott was kept out of possession, and it was not necessary to plead them.

The transfer by Kirkland, made pending the appeal, of his possession, and all the right and title he had, to another, can cut no figure in this trial. *Lis pendens* was notice to his vendee, and she was as much concluded by the judgment as he was; and the writ of possession was as potent against her, as against him.—*Peevey v. Cabaniss*, 70 Ala. 253. Her possession, derived from him, was as much a wrongful keeping of Trott

[Jarratt v. McCabe.]

out of possession, as if he had remained in possession himself, or had placed a tenant there to hold for him. Affected with notice, as Mrs. Battle was, she acquired no greater rights or immunities than her vendor had.

Affirmed.