# Rosser *v.* Timberlake.

*Action on Injunction Bond.*

1. *Death of one of two joint plaintiffs.*—In an action on an injunction bond, brought by the two obligees jointly, if one of them dies pending the suit, it may be continued and prosecuted to judgment in the name of the survivor alone.

2. *Damages.*—On the dissolution of an injunction, an action at law may be maintained on the bond, and nominal damages recovered, without proof of any actual damage.

3. *Attorney's fees as damages.*—Since any suit may, if undefended, result in costs against the defendant, it can not be assumed in an action on an injunction bond, because there is no proof of present injury caused by the injunction and restraining order, that there was no occasion to employ counsel to defend against it; nor does it lie in the complainant's mouth, when sued on his bond, to say that his suit was so frivolous as not to require defense.

[Rosser v. Timberlake.]

4. *Attorney's fee as costs.*—An attorney's fee, when taxed as costs in a chancery suit, accrues on the final determination of the cause, and not on the dissolution of a preliminary injunction, and belongs to the complainant, if successful, notwithstanding the dissolution of the injunction.

5. *Abstract charge.*—A charge asked is properly refused, when any of its postulates of fact, whether material or not, appear not to be supported by any evidence.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This action was brought by John P. Timberlake and Henry Bunn, suing as joint plaintiffs, against Walter Rosser and William Washington, and was commenced on the 15th April, 1875. At the June term, 1881, the death of said Henry Bunn was suggested, the suit " continued in the name of the other plaintiff," and leave granted to file an amended complaint; and an amended complaint being afterwards filed in the name of said Timberlake alone, the subsequent proceedings were conducted in his name, without any revivor. The action was founded on an injunction bond executed by said defendants (jointly with W. A. Austin, since deceased), payable to said Henry Bunn and John P. Timberlake, which was dated the 30th July, 1873, and conditioned as follows: " *Whereas* the said Walter Rosser has filed his bill of complaint in the said Chancery Court of Jackson county, and has obtained thereon an order for the issuance of an injunction from the Hon. R. S. Watkins, chancellor, to restrain and enjoin Henry Bunn and John P. Timberlake from entering and trespassing upon " certain lands particularly described, " and from destroying the timber thereon, or cutting down and hauling away the banks of a. creek thereon: Now, if the said Walter Rosser," &c., " or either of them, shall pay the said Henry Bunn and John P. Timberlake all damages they may sustain by the suing out of said injunction, then this obligation to remain in full force and effect." The complaint alleged, as a breach, the dissolution of the injunction and the dismissal of the bill, and the defendants' failure to pay the costs and damages sustained by plaintiff by reason of the suing out of the injunction; and attorneys' fees were specially claimed as a part of the damages.

On the trial, as the bill of exceptions states, when the plaintiff offered the injunction bond in evidence, the defendants objected to its admission, on the ground of an alleged variance, because it was payable to Bunn and Timberlake jointly, while Timberlake was sole plaintiff in the amended complaint; and they excepted to the overruling of their objection. The plaintiff then offered in evidence the bill of complaint in the chancery suit, the chancellor's *fiat* for an injunction, the writ of injunction, with " the unsworn answers

of the defendants, filed by Norwood & Norwood as solicitors, the indorsement of service, and the decree of the Chancery Court dissolving said injunction and dismissing said bill; which decree was dated the 20th February, 1875, and was rendered on the merits." The plaintiff then proved, that he and Bunn employed Norwood & Norwood, attorneys and solicitors, to file their answers and defend said injunction suit; that said solicitors performed the stipulated services, and that a reasonable fee for their services was, in the opinion of the different witnesses, from $100 to $150 for the whole case, and from $60 to $75 if the injunction had been dismissed on motion without proof. On cross-examination of these witnesses, each of them said that, in his estimate of the fee, he did not consider the tax-fee of $15 as forming any part of it; and the defendants afterwards produced and proved Norwood's receipt for $15 paid by Rosser as the attorney's tax-fee in the suit. It was proved, also, that Bunn and Timberlake were, at the time the injunction was sued out against them, engaged as partners in making brick on land adjoining Rosser's, and hauled sand from the creek for use in that business, and also hauled wood across his lands: and the object of the injunction was to enjoin the commission of these trespasses. The defendants adduced evidence tending to show that they also cut and hauled away timber from Rosser's land, but the plaintiff denied this.

" This was all the evidence in the case," and thereupon the defendants requested the following charges to the jury:

" 1. The bond sued on makes the obligors liable to Timberlake and Bunn for all joint damage they may sustain, and no suit can be maintained upon it by one of them; and this case now standing in the name of Timberlake alone, he can not recover, and the verdict of the jury should be for the defendants.

" 2. If the jury find, from the evidence, that the injunction did not have the effect of restraining or preventing the plaintiff from the exercise and enjoyment of a legal or equitable right, then the dissolution of the injunction could be of no benefit to the plaintiff, and its continuance no legal or equitable restraint upon him; and the jury, in such case, would be authorized to find for the defendants.

" 3. No damage can be assessed, unless the plaintiff has shown that he was prohibited from doing something which he had the lawful right to do: being deprived of any other privilege is not a matter he can complain of.

" 4. If the jury find, from the evidence, that there was no damage proved to have been sustained by plaintiff from the injunction itself to Timberlake and Bunn, who were thereby

[Rosser v. Timberlake.]

sought to be enjoined, then there can be no recovery for counsel fees for obtaining the dissolution of such injunction.

" 5.   If there is no proof before the jury that there was a public road across Rosser's land, then Rosser had the undisputed right to interdict its use by plaintiff, and such prohibition gave them no right of recovery, and their verdict should be for the defendants.

" 6.   If the jury believe, from the evidence, that Timberlake and Bunn were, at the time the injunction was sued out, co-partners in the manufacture of brick, and employed hands to work at their brick-kiln, and were engaged in hauling sand from the creek to be used in making brick, and that it was this enterprise—the passing over Rosser's lands with their wagons, and cutting by them of the banks of the creek, and taking sand therefrom—that was restrained by the injunction; and that the said parties unnecessarily employed counsel to defend them, to procure the dissolution of the injunction; then the damages resulting from the wrongful suing out of said injunction, or by a breach of the condition of the injunction bond, enured to the said Timberlake and Bunn as partners; and if said Bunn has died since the dissolution of said injunction, then the right of action on the injunction bond exists in Timberlake as surviving partner, and not otherwise; and if the jury believe the evidence of the partnership, plaintiff can not recover.

" 7.   If the jury find, from the evidence, that the injury or damages done or suffered was to the partnership property or partnership business of Timberlake & Bunn, then no suit can be maintained for such injury or damages except by the partnership in their firm name, or by one member thereof as surviving partner, unless the partnership business is shown to have been settled, and the property or right of action vested in one or more of the firm; and this can not be presumed in the absence of proof.

"8. The $15 alleged to have been paid by Rosser to Norwood, or on his order, in the matter of the litigation in the chancery suit, on his fee, if proven to have been paid, should be allowed as a credit.

"9. If the jury believe, from the evidence, that Henry Bunn was one of the joint plaintiffs in this suit as originally bought, and that said Bunn died in 1878, and that no suggestion of his death was made until 1880, and said suit was never revived in the name of his administrator, but proceeded thereafter in the name of Timberlake alone; then the jury must find in favor of the defendants.

"10. Reasonable counsel fees can be recovered, as incidental damages for obtaining the dissolution of an injunction, only

[Rosser v. Timberlake.]

when it is shown by the proof that the injunction itself operated an injury to the parties sought to be enjoined ; and if the jury believe, from the evidence, that Rosser had the right to interdict *its* (?) use by Timberlake and Bunn, such prohibition gave them no right of recovery, and their verdict must be for the defendants.

"11. In this case, in considering the value of attorney's fees, it is only proper to consider what the attorneys' services would have been worth to draw a proper answer and motion to dissolve the injunction, and conduct and prosecute the same to a final hearing ; because these were all the services necessary to obtain a dissolution of the injunction in said cause. The filing of interrogatories in that cause, and taking depositions, were not necessary to procure the dissolution of the injunction.

"12. The counsel fees for attending to the case in the taking of depositions and the preparation of the proof, were not necessary services for obtaining the dissolution of the injunction, and the jury should not consider those services in estimating the value of the counsel fees."

The court refused each of these charges, and the defendants excepted to their refusal ; and these matters are now assigned as error, with others which require no notice.

HUMES, GORDON & SHEFFEY, and J. E. BROWN, for appellant.

D. D. SHELBY, and W. H. NORWOOD, *contra.*

STONE, C. J.—This case has been in this court on two former appeals, and most of the legal questions involved in it have been decided.—*Rosser v. Bunn*, 66 Ala. 89 ; *Washington v. Timberlake*, 74 Ala. 259. There is nothing in the objection, that Timberlake was allowed to continue the action in his individual name, after Bunn's death. Bunn was his co-obligee in the bond, his co-plaintiff in the suit, and when he died, Timberlake alone was authorized to sue.—1 Add. on Contr. (3d Amer. Ed.) 649-50, § 465 ; 1 Pars. on Contr.* 31.

The remaining questions we shall notice, arise on charges refused. There can be no question, that under the case made by the complaint, even if the obligees sustained no actual injury, there should be a recovery for nominal damages. The bond was a lawful one, and its condition was broken. Charges two, three, five and ten were rightly refused on this ground, if for no other.

On the principles declared above, the court rightly refused charges one, seven and nine.

It is a mistake to suppose that, because there is no proof of present injury caused by the injunction and restraining order,

[Alexander v. Wheeler.]

there was no occasion to employ counsel to defend against it. Any suit brought, if not defended, may result in costs, if not in a more grievous wrong against defendant. It does not lie in the mouth of a complainant, who has forced another into court, to claim exemption from liability, on the plea that his suit was so harmless or frivolous as not to call for defense. The court rightly refused charges four, six and ten, as asked.

Charge number eight was rightly refused, if for no other reason, because the attorney's fee of fifteen dollars, when taxed as costs, accrues, not on the dissolution of a preliminary injunction, but on the final termination of the cause. The injunction may be dissolved on motion, and yet, on final trial, complainant may recover. In such case, the attorney's taxed fee would belong to the complainant.

Charges eleven and twelve are faulty, in this : They seek to bring into contention the matter of filing interrogatories and taking depositions, when there does not appear to have been any testimony on that subject. The bill of exceptions informs us it contains all the evidence. It is a fatal objection to a charge asked, if any of its postulates of fact, whether material or not, do not appear to be supported by any testimony.—1 Brick. Dig. 338, § 41 ; *Ib.* 340, § 65 ; *M. & E. Railway v. Kolb,* 73 Ala. 396.

We find no error in the record, and the judgment of the Circuit Court is affirmed.