# Person v. Thornton.

## Action on Injunction Bond.

1. *Estoppel by recitals of bond.*—In action on an injunction bond, given to restrain the further prosecution of a suit at law, the defendants are estopped from denying that there was such a suit pending as that described in the bond.

2. *Parol evidence identifying parties to suit.*—When the plaintiff sues on an injunction bond, which was given to restrain the further prosecution of an action of ejectment, describing him as the defendant in the action, he may show by parol evidence that the action was against his tenants in possession, and that he defended it as the real party in interest, though he had not been made a party as landlord; and when a plea is filed averring that no such suit was pending, a replication setting up these facts is good and sufficient.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Lewis B. Thornton, register in chancery, suing for the use of Sarah J. Harland and James T. Harland, against Alfred S. Person, W. A. Johnson and John C. Goodloe; was commenced on the 9th February, 1883, and was founded on an injunction bond, executed by the defendants, and payable to the plaintiff as register in chancery, the condition of which is set out in the opinion of the court. The opinion of the court shows, also, the rulings here assigned as error, and the material facts on which those rulings were founded.

BRICKELL, SEMPLE & GUNTER, and L. B. COOPER, for the appellant, cited *Hamner v. Cobb*, 2 Stew. & P. 383; *Nettles v. Nettles*, 67 Ala. 599; *Hart v. Clark*, 54 Ala. 490; *Jones v. Ritter*, 56 Ala. 270; *Green v. Casey*, 70 Ala. 418; *Mead v. Steger*, 5 Porter, 504; *Sanford v. Howard*, 29 Ala. 693; *Moody v. McCoun*, 39 Ala. 586.

J. B. MOORE, *contra,* cited Hilliard on Injunctions, 66, § 2; Herman on Estoppel, § § 249, 253; *Allen v. Magruder,* 3 Cr. C. C. 6; *Adams v. Olive,* 57 Ala. 253; *Robertson v. Bradford,* 73 Ala. 118; *Meredith v. Richardson,* 10 Ala. 829; *Mead v. Figh,* 4 Ala. 279; *Mitchell v. Ingram,* 38 Ala. 395.

CLOPTON, J.—The bond, on which the action is founded, is conditioned as follows: "Whereas the said Alfred S. Person has filed his bill of complaint in the said Chancery Court, and has obtained thereon an order for the issuance of an injunction, from the Hon. H. C. Speake, circuit judge, to restrain or enjoin Sarah J. Harland and James T. Harland, their agents and attorneys, from the further prosecution of the action of ejectment against your orator, said Alfred S. Person, for the recovery of an undivided one-half interest in the lots or parcels of land devised to him and Sarah J. Harland by the will of William H. Person, deceased; now, if the said Alfred S. Person, and W. H. Johnson and J. C. Goodloe, or either of them, shall pay all damages which any person may sustain by suing out such injunction, if the same is dissolved, then this obligation to be void; otherwise to remain in full force."

The original complaint was amended during the progress of the cause. The amendment substantially avers, that at the time the bill was filed, the *fiat* for the injunction obtained, the bond executed, and the injunction issued, there was pending in the Circuit Court of Colbert county an action at the suit of Sarah J. Harland, against Samuel Rhodes, Stephen Parker and Broden Greenhill, to recover the tract of land mentioned in the bond; that Person, having dispossessed her of her interest in the land, rented it to Rhodes, Parker and Greenhill, against whom the action was brought, they being in the actual possession; that Person employed counsel, and defended the suit, and claimed in open court that he was the landlord of the defendants in the suit, the real party defendant, and obtained one or more continuances on account of the sickness of himself or family; that there was no other pending suit in favor of James T. Harland, or Sarah J. Harland, or both of them, to recover any lands of any other person; and that the bill in chancery, on which the order for the injunction was made, was filed by Person, and the bond sued on was executed to procure an injunction, restraining them from the further prosecution of the suit

above mentioned. The amendment further avers, that the injunction issued restraining them from the prosecution of the suit for the recovery of the land described, and that they were thereby restrained from its further prosecution. The dissolution of the injunction, and the special damages sustained by its issue, are also averred.

The first assignment of error relates to the ruling of the court sustaining a demurrrr to the first plea to the amended complaint. After craving *oyer* of the bond, and setting out a copy, the plea avers, that there is not, and never was, such suit as that recited in the bond, and that plaintiffs have sustained no damage by reason of the injunction. It is a well settled rule, of general application, that the admission of a fact in a bond, by recital or otherwise, estops the party executing the bond from asserting its non-existence. The obligors in a forthcoming replevy bond are estopped from denying the defendant's title to the property levied on, or from asserting that the levy is fictitious; the sureties in an administration bond will not be allowed to deny the regularity of the appointment of their principal; and the obligors in a bond given to supersede a judgment, which has operated to suspend proceedings, are estopped from asserting that it did not operate as a supersedeas.—*Mead v. Figh*, 4 Ala. 279; *Adler v. Potter*, 57 Ala. 571; *Savage v. Russell*, 84 Ala. 103; *Plowman v. Henderson*, 59 Ala. 559; *Kirkland v. Trott*, 75 Ala. 324. In *Willoughby v. Brooke*, 1 Cro. Eliz. 756, decided as early as 1704, it was held, in an action of debt on an obligation which recited that certain suits had been commenced in the court of King's Bench, that a plea, averring there was no such suit, was an ill plea, on the ground that the obligation estopped the defendant from saying that there was not any action there depending. These cases illustrate the general application of the rule. It has also been applied to injunction bonds. In *Adams v. Olive*, 57 Ala. 249, it was held, that in a suit on an injunction bond, the obligors, the principal having obtained the benefit of the delay, were not discharged, because the judge, who made the *fiat*, had no authority to make such order, and that they would not be allowed to take advantage of such want of authority. The bond sued on recites the pendency of an action against the principal obligor to recover particular lands, which action it is sought to enjoin. Such recital effectually estops the defendants from asserting there

[Person v. Thornton.]

was no such suit pending.—*LeStrange v. Roche,* 58 Md. 26; 2 Her. on Estop. § 633.

2.   The next assignment relates to the overruling of a demurrer to the replication, filed by plaintiffs to the other special pleas of defendants.   The pleas aver, that no injunction was sued out or issued to restrain plaintiffs, or either of them, from the prosecution of an action against Rhodes, Parker and Greenhill, or any other person, except the principal obligor, and that there was no suit pending against him.   The replication substantially alleges, in avoidance of the pleas, the same facts set forth in the amendment to the complaint.   Several separate causes of demurrer are assigned; but, when considered as a whole. they may be regarded as constituting one principal ground; which is, that the replication seeks, by *aliunde* evidence, to contradict, vary or explain the recitals of the bond, and to show that it was given to enjoin a suit other than the one mentioned therein. When considered as an answer to the amended complaint, the effect of the pleas is, that the defendants are discharged from liability, on the ground that the bond is void, or ineffectual, in consequence of a misdescription as to the nominal parties in the suit, the prosecution of which was restrained.

The demurrer presents the question, whether there is such variance between the recitals of the bond, and the suit actually pending, as to be incapable of identification by parol proof ?   In considering this question, it should be observed, that the bond is sued on as a common-law obligation.   Its stipulation is not to pay a judgment rendered, or which may be rendered, in a particular suit; such as a bond to supersede, on appeal, a money judgment, or such as was sued on in the case of *Hall v. Williamson,* 9 Ohio St. 17. The condition is, to pay any damages, which any person may sustain by suing out the injunction, if the same is dissolved.   The recital of the suit is not an essential part of the contract.   It constitutes the consideration of the bond, the element of benefit to the promisor, and of detriment to the promisee.   Though the obligors will not be allowed to disprove or deny the express consideration, in order to avoid liability on the bond, it is open to explanation, when the effect is not to add to, or vary the terms, or enlarge the scope of the contract.   This principle is frequently found applied in respect to the consideration expressed in deeds. *Steed v. Hinson,* 76 Ala. 296.   In *Meredith v. Richardson,*

[Person v. Thornton.]

10 Ala. 828, the suit was on a bond given for the delivery of cotton levied on under an execution issued against two persons, but as the property of only one of them. The bond recited the issuance of an execution against the latter, omitting the name of the other defendant, and for an amount different from that specified in the execution. It was held, that the obligors were estopped from denying the levy, and that the bond having been given as a common-law bond, the variance in omitting to set out the name of both defendants, and to conform the sums recited to the execution, are matters which may be supplied by parol evidence. Evidence *aliunde* makes apparent that there was but one pending suit to recover the lands specified in the bond, which involved the title of the principal obligor, and to which the recital in the bond could refer. The same character of proof may be received to show the circumstances under which the bond was made, and the injunction obtained, and to identify the subject-matter to which its recitals referred.—*Chambers v. Ringstaff*, 69 Ala. 140.

*Tarleton & Pollard v. Johnson*, 25 Ala. 300, was an action for the conversion of several bales of cotton. The plaintiff offerred in evidence the record of a former recovery in an action of detinue against third persons, to which the defendants objected, on the ground that they were neither parties nor privies. In aid of the record, the plaintiff was allowed to prove by parol evidence that the persons, against whom the detinue suit was brought, were the bailees of the defendants, and that they employed counsel, and assisted in the defense of the suit, and, after judgment, paid a portion of the assessed value of the cotton. The court held the record admissible for the plaintiff, and that parol evidence could be received, in aid of the record, to show defendants' connection with the suit. The decision was rested on the principle, that the defendants were the real parties to the detinue suit, and that courts of justice will always take notice of the real parties. Both the amendment to the complaint, and the replication, aver that the pending action of ejectment was to recover the same lands specified in the recitals of the bond; that the defendants to that action were the tenants of the principal obligor, and claimed no other title—only his title was involved in the suit. He employed counsel, and defended the suit, in the names of his tenants, and obtained one or more continuances on account of sickness of himself or family. He was the real defendant,

[Graham v. Woodall.]

though he had not made himself a party as landlord; and this was the action, the prosecution of which was intended to be, and was in fact delayed. The same degree of certainty and accuracy is not required in the recitals of a bond, as in its description in pleading. It is sufficient if the court can ascertain, with reasonable certainty, that they are the same. The variance, in the names of the nominal defendants, and of the real defendant, is susceptible of explanation; and the averments of the amendment and replication sufficiently establish the identity of the suit.—*Mitchell v. Ingraham*, 38 Ala. 395; *Dickson v. Bachelder*, 21 Ala. 699.

The other assignment of error relates to the exclusion of the evidence of the clerk of the Circuit Court, by whom it was sought to prove that there was not, and had never been, any action of ejectment in favor of the plaintiffs, or either of them, against Person, pending in the court. As the defendants will not be allowed to deny that there was such suit, they, of course, will not be permitted to prove its non-existence.

There are other exceptions, taken on the trial, which appear in the record, but those considered are the only ones assigned for error.

Affirmed.