# Babcock *v.* Reeves, *et al.*

## Suit on Injunction Bond.

(Decided Feb. 5th, 1907. 43 So. Rep. 21.)

1. *Injunction; Action on Bond; Parties Plaintiff.*—The injunction bond providing payment of all such damages and costs which any person may sustain, an action thereon may be properly brought by all the obligees therein for the use of one as the party who has been damaged by the injunction suit.
2. *Same; Complaint; Allegations of Breach; Sufficiency.*—An allegation in the complaint on an injunction bond that the bill had been dismissed and the injunction dissolved, was a sufficient averment of the breach.
3. *Same; Sufficiency of Bond.*—Where the complainants gave the bond under Section 788 and subsequently were ordered to give bond under Section 786, and made such bond, on a dissolution of the injunction, the obligees can maintain an action on the first bond, whether properly given under the statute or not, and it was good as a common law obligation and binding on the surety.
4. *Same; Evidence; Admissibility.*—It is proper to introduce the proceedings and decree in the injunction suit in support of an action on the bond.

5. *Same; Damages; Instructions.*—It appearing that the injunction suit was against R. and L. and that R. had been active in the defense and had employed counsel therein, an instruction, asserting that if the attorney both represented R. and L., the services for the one being the same as for the other, and the attorney rendered the services for L. gratuitously, complainant would not be entitled to recover more than one-half of a reasonable attorney's fee, was erroneous and properly refused.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by L. Reeves and others against H. T. Babcock. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

The action was on an injunction bond, conditioned to pay the defendants in the injunction suit all damages and costs which any person may sustain by the suing out of the injunction. After demurrers to the complaint were overruled, the defendant, by way of answer, pleaded the general issue, and specially as follows: "Former adjudication, in that said suit is based on what purports to be an injunction bond executed in accordance with section 788 of the Code of 1896 of Alabama, by E. A. Baker, D. A. Baker, and H. T. Babcock on the 18th day of April, 1905, in a cause then pending in the chancery court of said county of Pike, wherein E. A. Baker was complainant, and L. Reeves, R. U. McClure, and Mrs. M. R. Sellers were respondents, and that, on the motion of all of said respondents that a bond be executed according to law, the chancellor decreed that a bond be executed in said cause in accordance with section 786 of said Code, and that in compliance with said decree complainants executed another bond on the 19th day of June, 1905, which bond was the lawful bond in said cause, and said first-named bond superseded and held for naught. * * * For further plea defendants says that plaintiff is estopped from suing on said bond sued on in this action, becaues said plaintiff moved the chancery court to dissolve said injunction unless a sufficient and proper bond in accordance with the law should be executed by E. A. Baker, the complainant in said injunction suit; that in compliance with said motion the

[Babcock v. Reeves.]

chancellor by decree required said E. A. Baker to execute another bond, and that said E. A. Baker in compliance therewith executed another injunction bond, which latter bond took the place and superseded the first bond executed by him." The plaintiff showed that L. Reeves had been active in the defense of the chancery suit, and had employed counsel, who managed the chancery suit from its inception to its conclusion, and that his services were reasonably worth from $50 to $75. At the conclusion of the evidence the defendant requested the following charges: Affirmative charge. "If the jury believe from the evidence that J. R. Motes represented both Reeves and McClure in said injunction suit equally, and the services rendered by said Motes was the same for the one as for the other, and covered by the evidence presented in this case, and a reasonable fee for all of said service is as shown by the evidence in this case, and said Motes rendered his said services for said McClure gratuitously, then the complainant would not be entitled to recover more than one-half of a reasonable fee as shown by the evidence." The court refused these charges.

D. A. BAKER, for appellant.—An injunction may be continued on complainant's application upon the terms of giving a new bond with new securities and if such be the terms of the order the first bond is discharged.— 10 A. & E. Enc. of Law, 991. The filing of the new bond discharged the first bond given and it now furnishes no cause of action.—*Thorington v. Gould,* 59 Ala. 469; *Halsey v. Murray,* 112 Ala. 185; *Ex parte Forcheimer,* 15 South. 647. The allegations of the complaint fail to allege that plaintiff had been restrained by it from exercising or enjoining some right or privilege they desire to exercise.—10 Enc. P. & P. 1128. Defendant's demurrers should, therefore, have been sustained.— *Anslcy v. Mock,* 8 Ala. 444; *Dunn v. Davis,* 37 Ala. 95; *Washington v. Timberlake,* 74 Ala. 259; *Dothard v. Shields,* 69 Ala. 135; *Rosser v. Timberlake,* 78 Ala. 162; *Bolling v. Tait,* 65 Ala. 417; *Jackson v. Millspaugh,* 100 Ala. 285.

J. R. Motes, for appellee.—The only authority of a chancery court to decree damages is a statute restrictive in its terms which applies only to bonds given under section 786 of the Code. The bond sued on was not given under that statute.—Sec. 793, Code 1896. It does not lie in the mouth of the complainant to say that his suit is too frivilous to authorize defendant to employ counsel to defend such suit.—*Rosser v. Timberlake,* 78 Ala. 163. Where a number of bonds are given suit may be brought on all.—*Frazer v. McWhorter,* 121 Ala. 308; s. c. 129 Ala. 450.

ANDERSON, J.—This suit was brought by all of the obligees under the bond, for the use of L. Reeves as the party who had been damaged by the injunction suit. The bond provides for the payment of "all such damages and costs which any person may sustain," is unlike the bond in the case of *Washington v. Timberlake,* 74 Ala. 259, but is within the influence of the case of *Smith v. Mutual Loan & Trust Co.,* 102 Ala. 282, 14 South. 625, and was properly brought.

The complainant avers that the bill was dismissed, and that the injunction was dissolved. This was a sufficient averment of a breach.—*Zeigler v. David,* 23 Ala. 127.

Whether the bond was properly given under the statute or not, it was good as a common-law obligation, and as such was binding on the surety, Babcock.—*Halsey v. Murray,* 112 Ala. 185, 20 South. 575. The facts set up in the defendant's special plea did not operate to discharge the first bond, and the demurrer to said plea was properly sustained.

The trial court did not err in permitting the plaintiff to introduce the proceedings and decree in the injunction case, or in refusing the charges requested by the defendant.

The judgment of the circuit court is affirmed.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.