# Craney, *et al.* White.

*Bill to Quiet Title.*

(Decided June 30, 1909.  Rehearing denied Dec. 16, 1910.—51 South. 236.)

*Quieting Title; Complainant's Title; Execution Suit.*—Where the complainant's title depended solely upon a deed made pursuant to a sale under execution and the record fails to show a valid judgment as the basis for the levy and sale, complainant was not entitled to a decree quieting his title to the land.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by K. H. White against James Craney and others to quiet title to land. Judgment for complainant, and respondents appeal. Reversed and remanded.

It seems from the record that White acquired two notes made by Craney and entered suit on the notes, but the summons and complaint was returned "not found," whereupon White alleged that Craney was a nonresident and that he elected to proceed under section 528, Code of 1896 of Alabama, and sue out a writ of attachment without giving bond. The affidavit having been made, attachment was issued and levied upon the land described in the bill. Copy of this attachment levy was posted at the courthouse door and mailed to James Craney's address as last known. It is also shown that a notice was published in the Labor Advocate for three successive weeks, giving notice of the levy attachment and the sale to be made thereunder. Then follows the deed to White for the property under execution from the attachment suit. It seems from the testimony of the respondent that Craney was not a nonresident, and that previous to the levy of attachment

he had mortgaged the property to one E. Wald, and that no notice was ever served upon him of the levy of attachment, or of the sale. The chancellor found that Wald had an encumbrance upon the property in the shape of a mortgage for $500, and that the same was recorded, and decreed that the title to the land was in the complainant, subject to this encumbrance.

A. LEO OBERDORFER, and L. M. WASHINGTON, for appellant.—The judgment upon which the alleged execution sale was made was invalid even if it had been introduced in evidence, and hence, in any event, no title was shown in complainant. That the judgment was invalid see.—*Wilmerding v. Corbin Banking Co.,* 126 Ala. 268; *DeArman v. Mosely,* 44 South. 688; *Exchange Nat. Bank v. Massey,* 109 Ala. 270; *Diston v. Hood,* 83 Ala. 331. The appellee failed to prove such possession as would entitle him to relief.—*Ladd v. Powell,* 144 Ala. 408. A tenant cannot attorn to a stranger without first surrendering possession to the original landlord.— *Doc. v. Reynolds,* 24 Ala. 364; *Rodgers v. Boynton,* 57 Ala. 502; *Oliver v. Ala. G. L. I. Co.,* 82 Ala. 428; *Pugh v. Davis,* 103 Ala. 316; 25 Cyc. 955. Counsel discuss the effect of recitals in the sheriff's deed as proof of the judgment and other matters relative thereto not necessary to be here set out.

H. K. WHITE, pro se.—While the record does not set out the judgment the evidence shows that a judgment was rendered in the city court of Birmingham and the presumption is that the judgment was regular and valid, specially on collateral attack.—*Weaver v. Brown,* 87 Ala. 537; *Wyatt v. Steele,* 26 Ala. 639; *Daugherty v. Thweatt,* 105 Ala. 618; *Exchange Nat. Bank, v. Clements,* 109 Ala. 270; *Kress v. Porter,* 132 Ala. 580.

[Craney, et al. v. White.]

MAYFIELD, J.—This was a bill under the statute (Code 1907, § 5443 (809)) to quiet title and determine claim to land. Complainant claimed title exclusively through respondent. Complainant's title depended solely upon a sheriff's deed and sale, made under execution of fieri facias issued upon a judgment against the respondent. Respondent answered, denying and disputing complainant's title, alleging the invalidity of the judgment and of the subsequent sale and deed thereunder, and made his answer a cross-bill, and asked affirmative relief through the vacation and annulment of the judgment and sale thereunder, and the cancellation of the sheriff's deed. On final hearing the chancellor granted the relief prayed in the original bill, and dismissed the cross-bill. From that decree this appeal is prosecuted.

The record before us fails to sufficiently show a valid judgment as the basis of the execution sale and of the sheriff's deed thereunder. The execution sale and sheriff's deed are void, unless based upon a judgment. The decree of the chancellor is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.