# Salmon, *et al. v.* Salmon.

*Assumpsit.*

(Decided April 6, 1915. Rehearing denied May 11, 1915.
69 South. 304.)

1. *Injunction; Action on Bond; Dissolution.*—Where the action was on an injunction bond, a complaint which sets out the bond and alleges a breach thereof by setting up a dissolution of the injunction, and the failure of the obligors therein to pay the damages specifically claimed, and alleged to have been sustained as a result of the suing out of the injunction, states a cause of action.

2. *Evidence; Best and Secondary; Judgment.*—The judgment roll is the best evidence of the record of judicial proceedings and judgments and decrees of courts of record, a duly authenticated copy thereof being also admissible under section 3983, Code 1907; in the absence of the making up of the final record, however, the original files are the best evidence.

3. *Injunction; Dissolution; Damages.*—In an action upon an injunction bond, damages occasioned by the employment of counsel to render services in the Supreme Court on appeal, and in the trial court for the purpose of relieving the party from the injunction, are recoverable.

4. *Same; Parties Liable.*—Although not parties to the injunction action, the sureties on the injunction bond aided complainant therein to procure the injunction and caused it to be served on the adversary party, and are estopped to deny the issue and service of the injunction, as well as the recitals in the bond, when sued by such adversary party after dissolution of the injunction.

5. *Same; Dissolution.*—The dissolution of the injunction authorizes the recovery of at least nominal damages in an action on the bond.

6. *Trial; Objections to Evidence.*—Where the objection to a question was general, and the question was not itself patently illegal or irrelevant, the court need not cast about for reasons for the objection, but may overrule it without error in accordance with rule 33, Circuit Court Practice.

7. *Same; Reception; Scope.*—An objection to a hypothetical question calling for the value of legal services, which might be construed to cover services rendered after the suit was brought raises the question whether plaintiff, suing on an injunction bond, could recover damages accruing after suit brought.

8. *Injunction; Bond; Action; Damages.*—A plaintiff suing for the breach of the conditions of an injunction bond may, under certain circumstances recover damages accruing after the bringing of the suit.

9. *Pleading; Issue; Proof.*—To support a recovery only the material allegations of the complaint need be proved.

10. *New Trial; Grounds; Insufficient Evidence.*—Where there was evidence sufficient to support the verdict, a motion for a new trial based on the insufficiency of the evidence is properly overruled.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by A. J. Salmon against F. A. Salmon and others, on an injunction bond. Judgment for plaintiff, and defendants appeal. Affirmed.

(This cause was reviewed by the Supreme Court on application for writ of certiorari to Court of Appeals, and the writ was denied. 193 Ala. 679.—Reporter.)

J. W. STROTHER, for appellant.

BRIDGES & OLIVER, for appellee.

BROWN, J.—(1) Action by appellee against appel-
lants on an injunction bond. The bond sued on is set
out in the complaint in hæc verba, and a breach there-
of shown by a dissolution of the injunction and a fail-
ure of the obligors on the bond to pay the damages
specifically claimed and alleged to have been sustained
by the plaintiff as a result of suing out the injunction.
The complaint was not subject to any of the objections
urged in the demurrer, and it was properly overruled.
—*Babcock v. Reeves,* 149 Ala. 665, 43 South. 21; *Per-
sons v. Thornton,* 86 Ala. 308, 5 South. 470; 13 Cyc.
178(2); *Rosser v. Timberlake,* 78 Ala. 162; *Flournoy
v. Lyon,* 70 Ala. 308; *Copeland v. Cunningham,* 63 Ala.
394.

(2) Records of the proceedings, judgment, and de-
crees of courts of record of this state are required to
be kept, and when the final records are made up as con-
stituting the judgment roll, this becomes the best evi-
dence of the proceedings.—4 Wigmore, Ev. § 2450. And
by statute (Code, § 3983) a duly authenticated copy
of the record is made of equal dignity with the record
as evidence of what the record shows. However, in the
absence of a showing that the final record has been
made up, the original files are the best evidence and are
admissible.—*Williams v. State,* 68 Ala. 551; *Smith v.
State,* 103 Ala. 69; *Wharton v. Thomason,* 78 Ala. 188,
19 South. 433; 2 Wigmore Ev. § 1186; *Clymer v. Cam-
eron,* 55 Miss. 593. The ruling of the trial court in ad-
mitting in evidence the original files and decrees in the
chancery proceedings was well within this rule, and
without error.—*Babcock v. Reeves, supra.*

(3) Damages occasioned by employment of counsel
to render services in the Supreme Court on appeal, as
well as those rendered in the trial court in relieving the

plaintiff from the ban of the injunction, were recoverable, and the evidence tending to show the rendition of services in the Supreme Court was admissible.—*Jackson v. Millspaugh,* 100 Ala. 285, 14 South. 44; *Bush v. Kirkbride,* 131 Ala. 405, 30 South. 780.

(4) The appellants Lovelace and Young, however, insist that the evidence, without room for adverse inference, proves their special pleas A and C, and that the court erred in refusing charge 3 requested by them. The substance of these pleas is that Lovelace and Young did not sue out an injunction against the plaintiff, nor procure or cause the writ to be served on him, and charge 3 is the affirmative charge in favor of these two defendants. Although the defense set up by these pleas is clearly immaterial, and in fact no defense to the plaintiff's action, if, as appellants contend, these pleas are proven without conflict, and we continue to follow the precedents afforded by repeated decisions of the Supreme Court, the judgment must be reversed.—5 Mayf. Dig. 757, §§ 121, 125.

No proof was offered by the defendants, but they rely on the proof afforded by the record and proceedings of the chancery court offered in evidence, showing that Lovelace and Young are only sureties on the injunction bond, and that F. A. Salmon was the complainant. While they were not parties to the injunction suit in the strict sense, they aided the complainant to procure the injunction and cause it to be served on the plaintiff, and are estopped to deny the fact of its issuance and service and the recitals in the bond sued on.—*Persons v. Thornton, supra.* This disproves, rather than proves, their individual pleas, and justified the refusal of the charge.—*United States v. Wilson,* 28 Fed. Cas. 699, 710;

33—13

*Cone v. Ivinson,* 4 Wyo. 203, 33 Pac. 31, 35 Pac. 933, 940; 6 Words and Phrases, 5652.

(5) The undisputed evidence shows that the injunction was dissolved, and this entitled the plaintiff to recover at least nominal damages, and hence to the affirmative charge.—*Rosser v. Timberlake,* 78 Ala. 162.

(6) The question argued in support of the nineteenth assignment of error is not presented by the record in this case. While the plaintiff was being examined as .a witness in his own behalf as to employment of counsel to advise and represent him in the injunction proceedings, after he had testified that he employed attorneys to represent him in that case and procure the dissolution of the injunction and to prevent its reinstatement, and showing an agreement to pay them a reasonable compensation for their services, and that said attorneys rendered services for him under that agreement in the chancery court and Supreme Court, the record then shows: "Plaintiff's counsel asked the witness the following question: 'On up until the final dismissal of the bill?' The defendant objected to this question: 'Up to the final dismissal of the bill?' The court overruled the objection, and defendant duly excepted."

This question did not call for testimony patently illegal or irrelevant, and no duty rested upon the trial court to cast about for reasons in the mind of objecting counsel.—*Sanders v. Knox,* 57 Ala. 80; *Bates v. Morris,.* 101 Ala. 284, 13 South. 138; Circuit Court Rule 33. (Code vol. 2, p. 1527).

(7, 8) In a proper case damages accruing after suit. brought may be recovered, and for this reason the testimony elicited by the question was not patently illegal or irrelevant.—*Metcalf v. Young,* 43 Ala. 643; *Burton v. Smith,* 49 Ala. 394; *Higgins v. Mansfield,* 62 Ala..

268; *Drake v. Webb,* 63 Ala. 601. The proper way to raise the question was by objection to the hypothetical question propounded to the witness Rylance to prove the value of the services, which might be construed to cover services rendered after the suit was brought; but no objection was made to this question.

(9) The law does not require proof of every averment in the complaint, but only of the material averments, the substance of the issue.—*Starks v. Comer,* 190 Ala. 245, 67 South. 444; *B. R., L. & P. C. v. Donaldson, infra,* 68 South. 596. Under the evidence in the case, it was for the jury to determine the amount of the plaintiff's damages from the evidence, and this involved the determination of the question as to whether the services rendered were gratis or not.

(10) There was evidence to support the verdict, and the motion for a new trial was properly overruled.— *Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.