(88 South. 844)
HARSH v. WALD. (6 Div. 47.)

(Supreme Court of Alabama. Feb. 3, 1921. Rehearing Denied April 21, 1921.)

1. Lis Pendens ⊚⟹24(1)—Grantee with knowledge of suit contesting grantor's title takes deed subject to final determination thereof.

Where a grantee purchases land with constructive or actual knowledge of a suit pending to determine the validity of his grantor's title under a sheriff's deed, and such suit is prosecuted by grantor thereafter with grantee's knowledge, consent, and legal advice, he is bound by decrees afterwards rendered, and takes the deed with the load of the sheriff's deed, and subject to the final determination of the cause.

2. Adverse possession ⊚⟹43(8)—Grantee from one whose title adjudged void less than 10 years before bringing suit not entitled by adverse possession.

A grantee cannot tack the possession of a grantor whose deed and possession were in litigation until adjudged void after grantee's purchase so that, suit to quiet title having been filed less than 10 years after the date of such purchase, he had no title by adverse possession; 10 years of hostile, open, notorious, exclusive, continuous, and adverse possession under claim of right or color of title being required.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action to quiet title by G. R. Harsh against Edward Wald. Decree for defendant, and plaintiff appeals. Affirmed.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

The filing of a bill to set aside the judgment, is no grounds to set aside a sale, and the fact that a judgment is liable to reversal on error, does not invalidate an execution sale thereunder, made while the judgment is still in force. 17 Cyc. 1274. A bona fide purchaser from a purchaser at a judicial sale is not affected by irregularities, etc., of which he has no notice. 24 Cyc. 67; 60 W. Va. 106, 54 S. E. 47, 10 L. R. A. (N. S.) 443, 116 Am. St. Rep. 882, 9 Ann. Cas. 982. The judgment was not void. 94 U. S. 351, 24 L. Ed. 195; 22 N. J. Law, 356; 44 N. C. 78, 57 Am. Dec.

573; 139 Ala. 528, 36 South. 720; 117 Ala. 454, 23 South. 821; Freeman on Judgments, 363.

Beddow & Oberdorfer, of Birmingham, for appellee.

Where a party to a decree purchases under an erroneous judgment or decree in his favor, he acquires a defeasible title only which fails upon a subsequent reversal of such judgment or decree. 61 Ala. 299; 65 Ala. 358. The judgment was void. 126 Ala. 268, 28 South. 640. A party purchasing land then in litigation is charged with the knowledge of lis pendens. 70 Ala. 253; 49 Ala. 419; 75 Ala. 321; 120 Ala. 71, 23 South. 686; 128 Ala. 175, 30 South. 792. The judgment in the attachment suit was void on its face. 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68; 151 Ala. 311, 44 South. 37; 153 Ala. 595, 45 South. 205; 153 Ala. 644, 45 South. 206; 154 Ala. 284, 45 South. 666; 164 Ala. 411, 51 South. 236.

MILLER, J. This cause was commenced by G. R. Harsh against Edward Wald on the 8th of August, 1917, to quiet title to the following land in Jefferson county, Ala., to wit: W. ½ of N. W. ¼, S. E. ¼ of N. W. ¼, and S. W. ¼ of N. E. ¼ of section 10, township 15, range 3 west, containing 160 acres, more or less. The defendant, Edward Wald, files answer and cross-bill, denying Harsh's possession, and title, and claiming title to and possession, of this land, and specifying his title. Sections 5443 and 5444 of the Code of 1907. The cause was tried by the court without a jury. Section 5446, Code of 1907.

This cause is three cases in one, as the facts, decrees, and judgment of two other cases are involved.

James Craney in 1891 and 1892 received from the United States patents to the 160 acres of land. He gave Edward Wald, in April, 1904, two mortgages on it, one to secure $500 and the $30, and both were recorded in April, 1904, in the probate office of said county.

Henry K. White filed suit by summons and complaint against James Craney in the circuit court of Jefferson county on May 25, 1904. It was returned "not found." The plaintiff sued out a writ of attachment, without giving bond, by making affidavit that defendant was a nonresident of Alabama; the writ was issued by the clerk, and the sheriff levied it on said land, and made the following return, after stating thereon that he levied said writ on said land:

"The defendant being a nonresident of this state, notice could not be given to him personally. Notice of the levy of the attachment was posted on the land, a copy posted at the courthouse door, and a copy was mailed to the defendant at his last known post office address."

James Craney had no personal notice of the suit, and made no appearance therein. The judgment record failed to recite that notice by publication was given the nonresident defendant as the law directs.

On the 21st day of November, 1904, a judgment by default was rendered by the court in favor of H. K. White against James Craney for $105.50, with waiver of exemptions as to personal property, "for which let execution issue," besides his costs in this behalf expended, and that the property upon which the attachment was levied, as appears by the sheriff's return on the writ, is condemned for and made subject to the plaintiff's judgment for $105.50, and is ordered sold for the satisfaction of said judgment and cost. The sheriff sold this land under writ from the court under said judgment, and H. K. White purchased it.

H. K. White then, on the 11th of June, 1907. filed bill in the chancery court in said county to quiet title to said land, and made James Craney and Edward Wald defendants. Each defendant appeared and answered, and averred that James Craney owned the land subject to Edward Wald's mortgage, and that the judgment and sheriff's sale and deed thereunder by which H. K. White claimed title were all void; that James Craney had no notice of said suit, and that he was not a nonresident of Alabama at the time. The chancery court decreed, on the 15th of July, 1908, that Henry K. White, by the sheriff's deed under said judgment, secured title to the land subject to said $500 mortgage of Edward Wald. Henry K. White and wife then, on the 30th day of July, 1908, 15 days after said decree was rendered by the court, sold and conveyed the land by warranty deed to G. R. Harsh, the complainant in this case.

G. R. Harsh purchased this land, as the testimony shows, with constructive and actual notice of that suit, and the consideration was $940—$440 cash and $500 reserved to pay the Edward Wald mortgage.

James Craney and Edward Wald appealed from said chancery decree to the Supreme Court on August 5, 1908; and this court reversed and remanded the cause on June 30, 1909, because the record failed to "show a valid judgment as the basis of the execution sale and the sheriff's deed thereunder." Craney v. White, 164 Ala. 411, 51 South. 236.

The chancery court, March 9, 1910, declared by decree that the said judgment of Henry K. White against James Craney for $105.50, and the sheriff's deed to Henry K. White thereunder, were void, and that James Craney owned the land subject to the mortgages of Edward Wald. Henry K. White, in 1910, appealed to the Supreme Court from this decree; and, on the 18th day of June, 1912, the Supreme Court affirmed this decree of March 9, 1910, of the chancery court, because Henry K. White violated one of the rules of the court

by taking the transcript of the case out of the capitol without the consent of the court for making brief, and had failed to return it.

G. R. ·Harsh assessed and paid taxes on this land annually from 1910 to date of trial; and there was some evidence as to adverse possession of the land by H. K. White, and also by G. R. Harsh.

James Craney made two conditional contracts in writing of sale of this 160 acres of land to Edward Wald, one in 1907, and the other in 1910; but these contracts were not executed in the form of a deed until March 14, 1910. On this date, by warranty deed for $1,700 cash and payment of the mortgage debts due on the land, James Craney conveyed this 160 acres of land to Edward Wald, which deed was duly recorded on April 15, 1910, in the probate office of Jefferson county. James Craney assessed and paid taxes on this land from 1891 and 1892, annually, until he sold it to Edward Wald, in 1910; and Edward Wald assessed and paid taxes on it annually thereafter until the time of this trial.

There was some evidence tending to show that James Craney was in possession of the land from 1891 and 1892 to 1910, and that Edward Wald claimed possession from 1910 to date of trial.

Mr. Harsh, the ·complainant here, did not testify in this case. Mr. White testified:

"My impression is that he [Mr. Harsh] knew the appeal was taken, and that he expected me to look after the appeal by reason of my warranty deed to the land which I had given him before the appeal was taken. * * * I do not recollect that I ever suggested to the court that thereafter I did not claim any right, title, or interest in the land. I considered it my duty, both toward myself and toward Mr. Harsh, to protect the title to the land from any claim of James Craney and E. Wald, because of the warranty which I had made in my deed to Mr. Harsh. * * * I continued to prosecute the suit in the chancery court after the reversal by the Supreme Court, with the knowledge and consent of Mr. Harsh. He knew I was prosecuting it.· I occasionally conversed with him about the case. * * * The conversations were in reference to legal questions involved in the case. * * * I did prosecute another appeal to the Supreme Court from the decree rendered against me as complainant upon the second trial in the chancery court. * * * Mr. Harsh had knowledge of this second appeal, and that it was prosecuted with his consent."

And this witness further testifies:

"I do know that when I sold the land to G. R. Harsh and delivered him a warranty deed he must have known, as a matter of law, that James Craney had the right to appeal from the decree in my favor against him."

The complainant, G. R. Harsh, purchased this land on the 30th day of July, 1908, 15 days after said decree was rendered by the chancery court, declaring that H. K. White owned the land subject to the mortgages of Edward Wald for $500. Then 20 days later, August 5, 1908, an appeal was taken from said decree by Edward Wald and James Craney. This decree was reversed by the Supreme Court. The chancery court then decreed that the judgment in the attachment suit was void, the sheriff's deed to H. K. White was void, and that James Craney owned the land subject to Wald's mortgage. H. K. White appealed from this decree to the Supreme Court, and it was affirmed because he violated a rule of the court.

[1] G. R. Harsh purchased this land with constructive or actual knowledge of that suit. After his purchase it was prosecuted by H. K. White, with his knowledge and consent and with his legal advice. G. R. Harsh is bound by the decrees afterwards rendered in the cause. He takes the deed of White, with the load of his sheriff's deed and subject to the final determination of that cause. Peevey v. Cabaniss, 70 Ala. 253; Kirkland v. Trott, 75 Ala. 324; Greenwood v. Warren, 120 Ala. 76, 23 South. 686; Marks v. Cowles, 61 Ala. 299; Stein v. McGrath, 128 Ala. 175, 30 South. 792.

This decree of the chancery court, affirmed by this court, holds that Henry K. White's sole claim is under a void sheriff's deed, based on a void judgment against James Craney in favor of Henry K. White. If White received no title by the sheriff's deed, then he could convey none to G. R. Harsh by his warranty deed.

[2] So this leaves the complainant with a void deed. It can be used as color of title only. When coupled with legal adverse possession of the land for the time required by law, it may ripen into title.

Henry K. White's possession, if any, of the land, under the sheriff's deed ,cannot be included in the time of complainant. That deed and the possession under it were in litigation with James Craney and Edward Wald from almost its date until finally settled adversely to White by the Supreme Court on the 12th day of June, 1912. Henry K. White's deed to G. R. Harsh is dated July 30, 1908, and this suit is filed by said G. R. Harsh against the defendant on August 6, 1917, within 10 years.

It takes 10 years of hostile, open, notorious, exclusive, continuous, and adverse possession of land under claim of right or color of title to ripen into a title that will prevail against the real owner of the land. Chastang v. Chastang, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45.

We have examined carefully the evidence for the complainant and the defendant as to the possession of the land, and it does not measure up to the rule. It does not show such an uninterrupted hostile possession, with color of title or claim of ownership,

that will overcome the legal title of the defendant.

The court below properly decreed that G. R. Harsh, the complainant, has no title to or interest in the land described in the bill of complaint; that it belongs to Edward Wald, the defendant; and that the deed of Henry K. White and wife to G. R. Harsh is null and void.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.